UNIVERSAL UNDERWRITERS COMPANY *v.* VANKIRK

1. Insurance—Exclusionary Clauses—Construction.
   Exclusionary clauses in insurance policies are, as a matter of law, strictly construed against the insurer.

2. Insurance—Policy—Knowledge of Policy.
   An insured is held to have a knowledge of the conditions and terms of his insurance policy, even though he may not have read it.

3. Insurance — Exclusion — Construction of Policy — Unambiguous Provisions — Motorcycle.
   A clause in an insurance policy which excluded coverage for a motorcycle while being used in or in preparation for any pre-arranged or organized race or speed contest including, but not limited to, those events commonly known in the motorcycle trade as hill-climbing, T. T. race, hare and hound chase, and corner-pulling, but which did not specifically name an "enduro" as a proscribed event is not so ambiguous as to necessitate a strict construction against the insurer.

4. Insurance—Motorcycle—Exclusion—Race or Speed Contest—Enduro—Construction.
   An "enduro", being an intentional competition in respect to some phase of locomotion, is either a race or speed contest, or both, within the terms of a motorcycle-insurance policy's exclusionary clause which provided that coverage did not apply while the motorcycle was being used in or in preparation for any pre-arranged or organized race or speed contest including, but not limited to, those events commonly known in the motorcycle trade as hill-climbing, T. T. race, hare and hound chase, and corner-pulling.

---

References for Points in Headnotes
[1] 43 Am Jur 2d, Insurance §§ 278, 279.
[2] 44 Am Jur 2d, Insurance § 1955.
[3, 4] 43 Am Jur 2d, Insurance §§ 271, 278, 279.

Appeal from Clare, Robert H. Campbell, J. Submitted Division 3 June 5, 1970, at Grand Rapids. (Docket No. 8,247.)   Decided August 26, 1970. Leave to appeal granted January 12, 1971.   384 Mich 795.

Complaint by Universal Underwriters Insurance Company against Marion Semig, as next friend of Leon Semig, and Donald Ray VanKirk for declaratory judgment that it is not required to afford Donald Ray VanKirk, its insured, a defense nor to pay a judgment against its insured which may be rendered in an action brought by Marion Semig for damages arising from a motorcycle-pedestrian accident.   Declaratory relief denied.   Reversed.

*Davidson, Chaklos, Jungerheld & Hoffman,* for plaintiff.

*Donald E. Holbrook, Jr.,* for defendant Donald Ray VanKirk.

*Hughes & Trucks (Richard S. Allen,* of counsel), for defendant Marion Semig.

Before: T. M. Burns, P. J., and Fitzgerald and Byrns,* JJ.

Fitzgerald, J.   This appeal arises from an action commenced on January 7, 1969, by Universal Underwriters Insurance Company against Marion Semig, as next friend of Leon Semig, and Donald Ray VanKirk.

Defendant Donald VanKirk owned and operated a 250 cc Honda motorcycle which was insured by Universal Underwriters.   On September 25, 1966, VanKirk was involved in a motorcycle accident which injured Leon Semig, a minor.   Subsequently,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Marion Semig, as next friend, brought an action against VanKirk for injuries sustained by the minor, Semig. Plaintiff Universal Underwriters then brought the present action to enjoin Semig and VanKirk from proceeding further in their lawsuit and seeking a declaration of rights with respect to their obligation to defend VanKirk or to pay any judgment entered against him.

Defendant VanKirk purchased the original insurance policy in the spring of 1965. The policy was renewed the following year, but he apparently failed to read its contents at any time until after the accident occurred. The policy of insurance included the following clause, which is now in question:

"Exclusions. This policy does not apply    *    *    * (f) under any coverage while the motorcycle is being used in or in preparation for any pre-arranged or organized race or speed contest including, but not limited to, those events commonly known in the motorcycle trade as hill-climbing, T. T. race, hare and hound chase, and corner-pulling;"

On September 25, 1966, VanKirk participated in an "enduro" motorcycle event sponsored by an Alma, Michigan, motorcycle club and sanctioned by the American Motorcycle Association. While the Court lacks technical expertise on this growing sport, it is our understanding that an "enduro" is a competitive event between motorcycle riders in which the machine is driven over a predetermined course past several time-checks, the object of which is to arrive at the time-checks precisely on schedule. The rider loses points if he arrives too early or too late. The average speed in which this could be accomplished for the particular event in question was 24 miles per hour.

As a result of the trial, which was held on July 28, 1969, the court filed a declaratory judgment to

the effect that the plaintiff was required to defend VanKirk and pay any judgment to the limits of the insurance policy. Appeal of this ruling followed.

Most succinctly stated, the decisive query is whether an "enduro" motorcycle competition is a "race or speed contest" within the terms of the exclusionary clause of the insurance policy sold by the plaintiff to defendant Donald Ray VanKirk.

The issue raised in the instant case is one of first impression in the state of Michigan and requires an evaluation and definition of the terms "race or speed contest". Defendant VanKirk concedes that he was engaged in an organized and prearranged contest recognized as an "enduro". While plaintiff contends that an "enduro" is a "race or speed contest" and that coverage under the policy is thus excluded, defendants argue that such a contest is not a race, but rather a contest in skill, endurance, precision, and performance.

While several cases are cited by plaintiffs in support of their proposition, most are not in point. However, the case of *City of Madison* v. *Geier* (1965), 27 Wis 2d 687 (135 NW2d 761), appears analogous to the case at hand, in that it resolves a question similar to our present dilemma. In *Geier,* which was a criminal prosecution, defendant contended that he could not be convicted under a city ordinance which prohibited participation "in any race or speed or endurance contest upon any highway." The evidence was such that it appeared that defendant and another party had accelerated rapidly away from a stop light with their vehicles side by side. The defendant argued, as do the present defendants, that speed and distance are essential elements of a race. In its opinion, the Court stated:

"A race is an intentional competition in respect to some phase of locomotion. The dominant char-

acteristic of a race is the awareness or intent of competition in respect to speed and distance to prove superiority in performance in some respect."

Defendants here argue that in light of the nature of an "enduro", in that machines cannot be operated at their peak capabilities, and that, in order to win, a contestant must travel at an average speed of 24 miles per hour, then an "enduro" cannot be considered a race, since a race requires high speed. Such logic is unconvincing by virtue of the fact that, in order to win, the rider must maintain a precise speed over the course. Undoubtedly, if he goes too fast and gets too far ahead of the clock, he must go slowly to average out his speed.

It is equally true, however, that if the rider in some way falls behind the time allotted for each checkpoint, he must increase his speed, which in some instances may be to the maximum of the motorcycle. Hence, high speed could conceivably become a crucial factor in determining outcome. Furthermore, in light of the averaging factor, it is difficult to imagine any other motor vehicle contest where speed and speed-control play a more important part. This Court finds it most difficult, if not impossible, to distinguish the "enduro" as a race or speed contest from such events as "hill-climbing, T. T. race, hare and hound chase, and corner-pulling". The competitive phase of locomotion characteristic of the enduro in which defendant VanKirk competed was no less a race or speed contest than that participated in by Dick Mann[1] this year, when he streaked across the finish line at Daytona Beach; both contests being extreme tests of skill, endurance, and precision, as well as performance.

---

[1] Winner, National Championship AMA 200-Mile race, Daytona Beach, Florida, March 1970.

A reading of the insurance policy discloses that the import of the exclusionary clause is clear. Had defendant read his policy, he could have at least been on inquiry as to whether or not competing in an "enduro" was covered. While such clauses are as a matter of law strictly construed against the insurer, it is equally true that the insured is held to a knowledge of the conditions and terms of the policy, even though he may not have read it. *House* v. *Billman* (1954), 340 Mich 621; *Scanlon* v. *Western Fire Insurance Company* (1966), 4 Mich App 234.

While the exclusionary clause in the instant case did not specifically name "enduro" as a proscribed event, it cannot be said that the clause was so ambiguous as to necessitate such a strict construction against the insurer. *Scanlon, supra.* Therefore, on the basis of the foregoing, we find that an enduro, being "an intentional competition in respect to some phase of locomotion" is either a race or speed contest, or both, within the terms of the policy's exclusionary clause.

Reversed. Costs to appellants.

All concurred.