RUSSELL v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

1. INSURANCE—POLICY—TERMS—KNOWLEDGE.

An insured must be held to a knowledge of the terms and
conditions contained in his policy of insurance, even though he
may not have read it.

2. INSURANCE—CONTRACT—RENEWAL OF POLICY—RIGHTS OF PARTIES.

A renewal contract of insurance, although amounting to a new
contract, in no way changes the terms and conditions of the
policy, except as it continues the policy in force; the rights of
both parties, no matter how often a policy of insurance may
have been renewed, are still bound by the provisions of the
policy as originally issued and its terms are neither enlarged,
restricted or changed.

3. INSURANCE—RENEWAL OF POLICY.

An insured's contention that a succeeding insurance policy was a
renewal policy rather than a new policy is without merit where
the succeeding policy had nothing to indicate that it was a
renewal and specifically stated that it replaced the old policy
and gave the new policy a new number, the coverages and
premiums were variant, the subject matter was entirely differ-
ent with respect to the two policies, and there was a lapse of
coverage between the first policy and the succeeding policy.

Appeal from Macomb, Frank E. Jeannette, J.
Submitted Division 2 November 8, 1972, at Lans-
ing. (Docket No. 12884.) Decided June 25, 1973.
Leave to appeal denied, 390 Mich 788.

Complaint by Clyde Russell against the State
Farm Mutual Automobile Insurance Company to
recover monies expended for medical expenses.

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur 2d, Insurance § 754.
[2, 3] 43 Am Jur 2d, Insurance § 379 et seq.

Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Raubolt & MacDonald* (by *John R. Hocking*), for plaintiff.

*Eggenberger, Eggenberger, McKinney & Weber* (by *Pat M. Donofrio*), for defendant.

Before: McGREGOR, P. J., and BRONSON and TARGONSKI,* JJ.

TARGONSKI, J. This appeal arises from the purchase of certain insurance policies.

The plaintiff obtained a policy of automobile insurance from the appellee on April 3, 1965 covering his 1964 Pontiac automobile. This coverage remained in effect until May 31, 1967. This policy, included among other coverages, medical payment coverage for the insured and his family. This policy did not contain a subrogation clause since the plaintiff specifically requested that he did not want such a provision included in this policy.

In March of 1966, the defendant began issuing policies of insurance containing subrogation clauses. During that year, the plaintiff purchased a second car, a 1966 Pontiac 4-door, and obtained a second insurance policy covering this vehicle. This policy did contain a clause giving the defendant rights to subrogation.

The plaintiff acquired a Chevrolet wagon in 1968 which replaced the 1964 Pontiac. A policy of insurance was issued by the defendant on November 19, 1968. This policy also contained a clause giving it subrogation rights.

On July 23, 1969, the plaintiff and the members

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

of his family, while traveling in Tennessee, were involved in an accident. He brought suit against the other driver and was awarded a judgment of $43,000.

The plaintiff then requested the defendant to pay for the medical expenses which had been incurred due to this accident. The defendant refused to pay these medical payments unless he agreed to sign a subrogation agreement.

Plaintiff brought suit in Macomb County Circuit Court to recover the amount he had expended for medical expenses. He testified during the trial that he never knew any of his policies contained subrogation clauses and that he had specifically requested that the original policy not contain such clause.

The case was tried before a jury, which returned a verdict of no cause of action. From that verdict, this appeal is brought.

The sole issue raised on this appeal may be stated as follows:

Is a party charged with notice of and bound by a subrogation clause in an automobile insurance policy where the policy on a previously owned vehicle which was replaced by the present policy did not contain such a clause and which provided for the extension of coverage to the newly acquired vehicle?

The law is well settled that an insured must be held to a knowledge of the terms and conditions contained in his policy of insurance, even though he may not have read it. *Scanlon v Western Fire Insurance Company,* 4 Mich App 234 (1966); *Naparstek v Citizens Mutual Insurance Co,* 19 Mich App 53 (1969); *Universal Underwriters v Van Kirk,* 26 Mich App 254 (1970).

The appellant counters this proposition by argu-

ing that the third policy of insurance was not a new policy of insurance but a renewal of the first policy of insurance which was first issued on May 31, 1967. The appellant further contends that since it is a renewal policy the parties are bound by the terms and conditions of the original policy.

The status of a renewal contract of insurance is stated in 13 Appleman, Insurance Law & Practice, § 7648, pp 419–420, as follows:

"A renewal contract has been stated by many jurisdictions to be a new, and a separate and distinct contract, unless the intention of the parties is shown clearly that the original and renewal agreements shall constitute one continuous contract. It has thus been stated to be a new or separate contract which is based upon and subject to the same terms and conditions as were contained in the original policy. Unless otherwise provided, the rights of the parties are controlled by the terms of the original contract, and the insured is entitled to assume, unless he has notice to the contrary, that the terms of the renewal policy are the same as those of the original contract."

Michigan is one of the jurisdictions referred to that has accepted this approach. In *Aurora Fire & Marine Insurance Co v Kranich,* 36 Mich 289, 295 (1877), the rule was stated as follows:

"The renewals, although amounting to a new contract, in no way changed the terms and conditions of the policy, except as they continued it in force. The rights of both parties, no matter how often a policy of insurance may have been renewed, are still bound by the provisions of the policy as originally issued. Its terms are neither enlarged, restricted or changed."

Thus, the disposition of this case turns on whether the third insurance policy is a renewal policy or a new policy.

A similar problem was faced in *Burch v Wargo,*

378 Mich 200 (1966), where it was contended that the second policy of insurance was a renewal of the first policy. In finding that the second policy was a new policy, rather than a renewal, the Court considered the following factors (p 207):

"There being no application by Mrs. Wargo for the second policy, in writing or otherwise so far as we are advised, and no words in the second policy showing or tending to show that it was a 'renewal' of the first rather than a new and distinct policy, and the terms of coverage and amount of aggregate premium as between the two policies being somewhat variant, we are obliged to hold that the garnishee has failed to meet plaintiff's motion for summary judgment with proof by affidavit of fact or produced document that the second policy was a 'renewal' of the first."

In the instant case, the third policy of insurance had nothing to indicate that it was a renewal. In fact, on the front page of the policy it specifically stated that it replaced the old policy and gave the new policy a new number. Secondly, the coverages and premiums were variant. The premium charged for the first policy was $52.70 per six month period whereas the premium was $63.60 for the same period of coverage under the third policy. The coverage under the first policy was $10,000 for each person and $20,000 per accident and in the third policy the limits of coverage were $20,000 each person and $40,000 each accident.

There are two other factors in the instant case which persuade us that the policy was a new rather than a renewal policy. First, the subject matter was entirely different with respect to the two policies. Under the first a 1964 automobile was insured and in the third policy a 1968 vehicle was insured. Secondly, there was a lapse of coverage between the first policy and the third policy from

May 31, 1967 to November 19, 1968 or approximately 18 months. The plaintiff argues that this should not be considered since it was not presented in the court below. However, this information was obtained from a statement attached to the first policy which had been admitted into evidence in the lower court.

A renewal implies a fixed contract and the expiration of the original coverage. *Attorney General, ex rel Comm of Ins, v Lapeer Farmers Mutual Fire Ins Assn,* 297 Mich 174 (1941). In the case at bar, there was not a fixed contract with respect to the first and third policies of insurance. With respect to these policies, the coverage, the premiums and the subject matter were different. Thus, there certainly was not a fixed contract in this case.

Secondly, the expiration of coverage during this period was not for a short period of time as contemplated in most renewal situations but rather a period of 18 months. With this length of time having elapsed, we find little in this case to justify plaintiff's reliance on the provisions of the old contract. His position is not helped by the fact that he had a second insurance policy existing during this period of time. That policy was entirely independent of the two policies under consideration in this case and that policy in fact contained a subrogation clause.

Thus, we hold that the third policy was not a renewal of the first policy and the plaintiff is presumed to know the terms and conditions of the contract.

Plaintiff's contention that he was told there was no subrogation clause in the first policy and that he relied upon this was rebutted by the defendant in the trial court. This was properly left to be

decided by the jury and we see no reason to disturb it.

Affirmed.

All concurred.