# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 17, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

137749

RICHARD R. ROBERTS and STACEY D.
ROBERTS,
        Plaintiffs-Appellants,

v

ROBERT L. SAFFELL and JOANNE O.
SAFFELL,
        Defendants-Appellees.
_____/

SC: 137749
COA: 275458
Leelanau CC: 05-007063-CK

On May 13, 2009, this Court heard oral argument on the application for leave to appeal the August 21, 2008, judgment of the Court of Appeals. On order of the Court, the application is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we AFFIRM the judgment of the Court of Appeals. Plaintiffs unknowingly purchased a termite-infested house from defendants. Under the Seller Disclosure Act (SDA), MCL 565.951 *et seq.*, defendants were required to prepare a Seller's Disclosure Statement (SDS) regarding "the condition and information concerning the property, known by [sellers.]" MCL 565.957(1). In response to the question concerning whether the house had a "history of infestation . . . (termites, carpenter ants, etc.)," defendants, "based on [their] knowledge at the signing of this document," answered "no" on the SDS. *Id.* Once plaintiffs subsequently discovered a termite problem, they initiated a claim for innocent misrepresentation, which requires a showing that defendants: (1) made a false statement in a transaction with plaintiff, (2) without knowledge of that statement's falsity, (3) which statement actually deceived plaintiffs, and (4) on which plaintiffs detrimentally relied, with the benefit inuring to defendants. *United States Fidelity & Guaranty Co v Black*, 412 Mich 99, 116 (1981). However, the SDA provides that a seller is "not liable for any error, inaccuracy, or omission in any information delivered pursuant to this act if the error, inaccuracy, or omission was not within the personal knowledge of the transferor . . . ." MCL 565.955(1). Thus, because a claim for innocent misrepresentation requires that a defendant make a false statement *without knowledge* of its falsity, the Court of Appeals correctly held that innocent

misrepresentation does not constitute a viable cause of action under the SDA.  Whether defendants did or did not possess personal knowledge of the infestation is a matter not before this Court as a result of plaintiffs' abandonment of their fraudulent misrepresentation claim and their exclusive focus on their innocent misrepresentation claim.



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 17, 2009

_____
Clerk