# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 12, 2014

149609

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

RICHARD R. ROBERTS and STACEY D.
ROBERTS,

       Plaintiffs-Appellants,

v

SC: 149609
COA: 312354
Leelanau CC: 05-007063-CK

ROBERT L. SAFFELL and JOANNE O.
SAFFELL,

       Defendants-Appellees.

_____/

On order of the Court, the application for leave to appeal the May 22, 2014 judgment of the Court of Appeals is considered. Pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we DIRECT the Leelanau Circuit Court to assign a different judge to preside over any further proceedings in this case. In all other respects, leave to appeal is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

ZAHRA, J. (*concurring*).

I concur in the denial of plaintiffs' application for leave to appeal. I write separately to admonish the trial court for its repeated failure to follow the decisions of the appellate court.

In 2003, plaintiffs Richard and Stacey Roberts purchased a summer home in Leland, Michigan, from defendants Robert and Joanne Saffell. Some two years later, plaintiffs filed suit against defendants after discovering that their entire house had become structurally unsound because of a termite infestation. The suit pleaded claims for breach of contract, fraudulent misrepresentation, silent fraud, and innocent misrepresentation; all of which were based on defendants' negative response to the seller disclosure statement query about whether there was any history of infestation. Because plaintiffs felt that they might not be able to prove actual knowledge of the termite infestation on defendants' part, they made the strategic decision to solely pursue the claim for innocent misrepresentation. This was not a sound strategy.

Defendants have continually maintained that innocent misrepresentation does not constitute a viable cause of action under the Seller Disclosure Act (SDA), MCL 565.951 *et seq*. Defendants twice moved for summary disposition on this basis. The trial court

first denied the motion, and the second time the trial court reserved a ruling until after plaintiffs had presented their proofs. Trial then proceeded on the assumption that plaintiffs had a cognizable cause of action. Defendants moved for a directed verdict after plaintiffs had presented their proofs, but the trial court denied the motion. The jury rendered its verdict in favor of plaintiffs, and the trial court entered judgment.

Defendants appealed. The Court of Appeals, in a published decision, reversed the trial court's judgment and held "that innocent misrepresentation is not a viable theory of liability under the [SDA]." *Roberts v Saffell*, 280 Mich App 397, 399 (2008) (*Roberts I*). Plaintiffs sought leave to appeal in this Court. This Court considered the application and heard oral argument in regard to whether to accept the application or take other peremptory action. *Roberts v Saffell*, 483 Mich 943 (2009). Following the parties' arguments, this Court affirmed the Court of Appeals' conclusion that "a claim for innocent misrepresentation requires that a defendant make a false statement *without knowledge* of its falsity . . ." *Roberts v Saffell*, 483 Mich 1089, 1090 (2009).[1] From this rather unremarkable proposition, this Court stated that the panel had properly concluded that plaintiffs' claim for innocent misrepresentation did not constitute a viable cause of action under the SDA, *id.*, which requires a statement regarding "the condition and information concerning the property, *known* by the seller," MCL 965.957(1).

On first remand, the trial court conducted a hearing on defendants' motion for entry of a judgment and attorney fees. The trial court openly provided its unsolicited view on its "concept of justice and the meanings of justice and where does justice come from." The trial court concluded that

> it is essentially the notion that at the conclusion of a dispute that the right result has been reached. That people feel comfortable with the result. There are winners, there are losers, but they feel comfortable about the result.

Apparently applying its subjective view of justice in this case, the trial court denied defendants' motion for attorney fees, believing it would be a "manifest injustice, it's wrong, it's a bad result, it would be a terrible thing to do." The trial court then openly stated that it would not grant the motion unless "I'm directly told to do so by the court of appeals."

Defendants again appealed. *Roberts v Saffell*, unpublished opinion per curiam of the Court of Appeals, issued June 28, 2011 (Docket No. 295500) (*Roberts II*). The Court of Appeals issued an opinion that was rather sympathetic to plaintiffs' position, but the panel "reluctantly conclude[d] that the contract requires the trial court to hold further

---

[1] See *Roberts I*, 280 Mich App at 414-415 (2008).

proceedings regarding defendants' attorney fee request." *Id*. at 2. The panel expressly "remand[ed] this case to the trial court to give the defendants an opportunity to establish their fees pursuant to the terms and conditions of the contract." *Id*. The panel also entertained "defendants' request that we order the case be heard by a different judge upon remand," but rejected this request because the "trial court indicated it would award the attorney fees if so ordered by this Court, albeit reluctantly." *Id*. at 2-3. In sum, despite the conciliatory language in the opinion, the panel clearly stated that "the trial court was required to enforce the contract as written" and ordered "the trial court to give the defendants an opportunity to establish their fees pursuant to the terms and conditions of the contract." *Id*. at 2. This Court denied leave to appeal. *Roberts v Saffell*, 490 Mich 895 (2011).

On second remand, the trial court conducted a second hearing on defendants' motion for entry of a judgment and attorney fees. The trial court again injected its subjective sense of justice into the proceedings. The following colloquy occurred:

> *The Court*: I guess, you know, I feel better about it if somewhere along the way you discover who put in those pristine 2x4's next to the termite riddled 2x4's, did you really win or just get lucky?"
>
> [*Defense counsel*]: We prevailed.
>
> *The Court*: [Plaintiffs' counsel's] clients get cheated?
>
> [*Defense counsel*]: No.
>
> *The Court*: Really?
>
> [*Defense counsel*]: They voluntarily dismissed a cause of action going forward on innocent misrepresentation, not withstanding the law doesn't allow recovery, that's not being cheated, that's the legal process.
>
> *The Court*: My question is, were there in fact pristine white 2x4's sistered next to termite riddled 2x4's, and who did that, you ever figure that out? They sue the wrong people?
>
> Never mind, it's rhetorical.

At the end of the hearing, the trial court stated:

> I'm going to provide a written opinion.
>
> I'm going to look at the legal issue regarding damages from the defendant's point of view, whether they need to be pled, whether they need to be proven and regardless of how I resolve that issue -- regardless of how I resolve that issue I will then make findings with regard to attorney fees in this particular case.

So, one way or the other you can go back to the Court of Appeals, you either get the fees or you won't get the fees, but you won't have to come back here and argue them again.

In its written decision and order, the trial court concluded that "Defendants cheated the Plaintiffs" and that it remained "this Court's opinion that those six citizens who listened to this trial understood the case, understood their obligation to base a verdict on the Defendants' actual knowledge and failure to disclose and that the jury's verdict should be reinstated."[2]  The trial court concluded that defendants "should not be paid for their deception."  Turning to the question of attorney fees, the trial court stated that "[i]f this case continues to be a vehicle for injustice, . . . then attorney's fees will have to be awarded."  Yet the trial court concluded that because "the source of the fee award arises in a contract, the fees are considered damages, not costs."  The trial court reasoned "that the failure to make a claim for fees and offer proofs at trial now precludes [Defendants] from an award."  The trial court found that defendants should have brought a counterclaim, but did not, and thus because defendants "failed to claim fees as damages at trial, this Court declines to award them here."

Defendants appealed for the third time.  *Roberts v Saffell*, unpublished opinion per curiam of the Court of Appeals, issued May 22, 2014 (Docket No. 312354) (*Roberts III*).  The Court of Appeals first rejected the trial court's conclusion that defendants were required to file a counterclaim to obtain attorney fees under the contract.  The panel then held that

> [i]n any event, the trial court in this case was bound by the law of the case to award defendants' [sic] their reasonable attorney fees under the contract. We are similarly bound.  Under the law of the case doctrine, "an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals." *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000).  The law of the case applies to explicit or implicit issues actually decided.  *Id*.  However, the doctrine "does not apply to an issue that was raised but not decided by an

---

[2] Of course, the trial court did not explain in its written opinion how "the case nonetheless proceeded to trial as if on an intentional misrepresentation theory, which, unlike an innocent misrepresentation theory, required proof of defendants' knowledge of the infestation and of their failure to disclose it to plaintiffs." *Roberts v Saffell*, unpublished opinion per curiam of the Court of Appeals, issued May 22, 2014 (Docket No. 312354), p 2 n 2 (*Roberts III*).  More confounding is that "the record suggests that the trial court instructed the jury on those elements, notwithstanding the fact that the remaining innocent misrepresentation claim did not require them to be proven." *Id*.

appellate court." *Thorin v Bloomfield Hills Bd of Ed*, 203 Mich App 692, 697; 513 NW2d 230 (1994). [*Id*. at 7.]


The panel explained that

> [i]n *Roberts II*, this Court found defendants to be the prevailing party and held that the contractual attorney fee provision applied. *Roberts II*, unpub [op] at 2. After determining that the trial court erred in failing to grant defendants' attorney fee request, this Court "remand[ed] this case to the trial court to give the defendants an opportunity to establish their fees pursuant to the terms and conditions of the contract." *Id*. . . .
>
> * * *
>
> The contract does not specify that the attorney fees must be established at trial. But rather than give the defendants the opportunity ordered by this Court, the trial court again denied their fee request. This Court determined that defendants were the prevailing party and that they thus were contractually entitled to an award of reasonable attorney fees. The trial court was bound by that decision and was directed to establish those fees. [*Id*. at 7-8.]


*Twice*, the trial court, which has openly and vehemently expressed its unhappiness with defendants' appellate victories in this case, declined to award the contract-required fees. During these proceedings, the trial court repeatedly called defendants deceptive and even, at times, called them cheats. The trial court also demeaned the defense attorneys' efforts as "creating the opportunity for this miscarriage of justice to unfold" and belittled defense appellate counsel's success by comparing him to a blind squirrel that occasionally finds a nut.

*Twice*, the Court of Appeals has had to overturn the trial court's recalcitrance. Despite an order from this Court and the Court of Appeals, the trial court declined to enter an award for attorney fees because "[t]o characterize an award of fees to the Defendants in the circumstances presented by this case as a manifest injustice is to

demean the word manifest." Yet "the trial court in this case was bound by the law of the case to award defendants' [sic] their reasonable attorney fees under the contract." *Roberts III*, unpub op at 7. Indeed the *Roberts III* panel recognized that it was similarly bound. *Id*. I write this statement to espouse my view that the trial court improperly invoked its own personal and subjective views of justice to decide this case. The trial court was required to follow the law of the case and, for this reason alone, I admonish the trial court for its repeated failure to follow the decisions of the appellate court. I agree with defense counsel's assertion before the Court of Appeals that the trial court's grandstanding and utter failure to follow the law has "increased the litigation costs which [defendants] must initially bear and [plaintiffs] are obligated for under the contract." Simply put, the trial court's bias has resulted in additional costs imposed on plaintiffs.

YOUNG, C.J., joins the statement of ZAHRA, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 12, 2014



Clerk

t1209