# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 25, 2015

149536

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

DAVID ABBO, COLORADO TOYZ,
INC., and WIRELESS PHONES, LLC,
      Plaintiffs-Appellees,

v

WIRELESS TOYZ FRANCHISE, LLC,
JOE BARBAT, RICHARD SIMTOB,
JSB ENTERPRIZES, INC., and JACK
BARBAT,
      Defendants-Appellants.

SC: 149536
COA: 304185
Oakland CC: 2007-082804-CK

_____/

     On November 4, 2015, the Court heard oral argument on the application for leave to appeal the May 13, 2014 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

     ZAHRA, J. (*dissenting*).

     After a breakdown in the relationship between the franchisee-plaintiffs (David Abbo and related persons) and the franchisor-defendants (Wireless Toyz Franchise, LLC, and related persons), plaintiffs filed suit against defendants, alleging that defendants had failed to disclose certain costs and expenses of operating a franchise. Specifically, this allegation of "silent fraud" was based on defendants' failure to disclose "chargebacks"[1] and "hits."[2] This Court was sufficiently concerned about the substance of the Court of Appeals' opinion to order oral argument on the application for leave to appeal. *Abbo v Wireless Toyz Franchise, LLC*, 497 Mich 1032 (2015). After hearing the parties' arguments, the majority has elected to deny leave.

     I write separately because, despite the factual complexities of this case and the fact that the Court of Appeals opinion' is unpublished and of no precedential value, I would reverse. The opinion below cuts against a fundamental tenet of this Court's jurisprudence that requires the enforcement of unambiguous contracts freely executed by the parties. This proposition is so central to our jurisprudence that it has become "an unmistakable

---

[1] Chargebacks are described as revocations of a franchise store owner's commission that take effect when a customer prematurely cancels a telephone service contract.

[2] Hits are described as discounts awarded to customers as incentives to purchase a telephone.

and ineradicable part of the legal fabric of our society." *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 52 (2003) ("The notion, that free men and women may reach agreements regarding their affairs without government interference and that courts will enforce those agreements, is ancient and irrefutable."); *Quality Prod & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 370 (2003) ("[T]he freedom to contract principle is served by requiring courts to enforce unambiguous contracts according to their terms . . . ."); *Rory v Continental Ins Co*, 473 Mich 457, 461 (2005) ("[A] court must construe and apply unambiguous contract provisions as written."); *Bloomfield Estates Improvement Ass'n, Inc v City of Birmingham*, 479 Mich 206, 212 (2007) ("We 'respect[] the freedom of individuals freely to arrange their affairs via contract' by upholding the 'fundamental tenet of our jurisprudence . . . that unambiguous contracts are not open to judicial construction and must be *enforced as written*' . . . .") (citation omitted) (alteration in original).

Silent fraud arises "from the suppression of the truth . . . with the intent to defraud." *Tompkins v Hollister*, 60 Mich 470, 483 (1886). But silent fraud requires more than simply a failure to disclose material information. It must be coupled with a duty to disclose. *M&D, Inc v McConkey*, 231 Mich App 22, 29 (1998) ("Michigan courts have recognized that silence cannot constitute actionable fraud *unless* it occurred under circumstances where there was a legal duty of disclosure.") (quotation marks and citation omitted). Further, in asserting silent fraud, "[a] plaintiff cannot merely prove that the defendant failed to disclose something; instead, a plaintiff must show some type of representation by words or actions that was false or misleading and was intended to deceive." *Lucas v Awaad*, 299 Mich App 345, 364 (2013) (quotation marks and citation omitted). Therefore, a silent-fraud claim cannot be maintained unless it can be established that there was (1) a duty to disclose, (2) an omission of a material fact from an otherwise truthful statement, and (3) the intent to mislead. See *US Fidelity & Guaranty Co v Black*, 412 Mich 99 (1981); *Roberts v Saffell*, 280 Mich App 397 (2008), aff'd 483 Mich 1089 (2009).

To establish defendants' duty to disclose, plaintiffs rely on MCL 445.1505 of the Michigan Franchise Investment Law, which provides:

> A person shall not, in connection with the filing, offer, sale, or purchase of any franchise, directly or indirectly:
>
> \* \* \*
>
> (b) Make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading.

This statute requires either an affirmative untrue statement or a misleading omission coupled with an otherwise true statement. Plaintiffs argue that the latter

occurred when defendants made incomplete statements during the negotiation process about the various chargebacks and hits. According to plaintiffs, these incomplete statements, coupled with defendants' duty to disclose complete information, constituted silent fraud.

But here, plaintiffs and defendants entered into unambiguous written agreements containing broad disclaimers. For instance, the development agent agreement expressly acknowledged that no prior representations had been made:

> [N]either Wireless Toyz nor any of its agents have made or are authorized to make any oral, written or visual representations or projections of potential earnings, sales, profits, costs, expenses, prospects or chances of success . . . . Development Agent agrees that it has not relied on and that Wireless Toyz will not be bound by allegations of any representations as to potential earnings, sales, profits, costs, expenses, prospects or chances of success . . . .

A similar disclaimer was also included in the franchise agreement. Accordingly, for the purposes of the agreements between plaintiffs and defendants, there were no prior representations made, including specifically about costs and expenses. Plaintiffs and the Court of Appeals majority failed to indicate why these disclaimers are not dispositive.

Both the duty to disclose, arising in this case under MCL 445.1505, and silent fraud require a prior representation in order for an omitted material fact to render misleading that otherwise truthful representation. Notwithstanding whether prior representations were actually made, two sophisticated entities negotiated contracts and determined that no prior representations had been made. Moreover, the parties agreed that defendants were not authorized to make representations regarding costs or expenses. Simply stated, as a matter of contract, the parties agreed that no prior representations had been made. We should respect that agreement. This Court's contract-law jurisprudence requires lower courts to accept that agreement. And without any prior representations, there can be no claim for silent fraud or a breach of any duty arising out of MCL 445.1505.

The Court of Appeals' quick dismissal of the pertinent contract language is a jurisprudentially significant error, and one that I would correct, notwithstanding the factual complexities of the record. The Court of Appeals' opinion is unpublished and has no precedential value. Nor should it be considered for its persuasiveness because the conclusion is inconsistent with this Court's longstanding contract-law jurisprudence. I would reverse.

MARKMAN, J., joins the statement of ZAHRA, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 25, 2015



Clerk

a1124