# STATE OF MICHIGAN

# COURT OF APPEALS

FRANK LAROCCA, NEESA LAROCCA, and
GRACE LAROCCA,

        Plaintiffs-Appellants,

v

JILL BLEEDA, MORRIS INSURANCE GROUP,
INC., and PIONEER STATE MUTUAL
INSURANCE COMPANY,

        Defendants-Appellees.

UNPUBLISHED
April 13, 2017

No. 329504
Macomb Circuit Court
LC No. 2014-002033-NO

Before: O'CONNELL, P.J., and GLEICHER and BOONSTRA, JJ.

PER CURIAM.

Plaintiffs, Frank LaRocca, Neesa LaRocca, and Grace LaRocca, (collectively, the LaRoccas) appeal by right the trial court's order granting summary disposition under MCR 2.116(C)(10) to defendants Jill Bleeda and Morris Insurance Group, Inc. (Morris Insurance) on the LaRoccas' claims of negligence, breach of contract, and fraud, and granting summary disposition under MCR 2.116(I)(1) on a claim for no-fault personal injury protection (PIP) benefits against defendant Pioneer State Mutual Insurance Company (Pioneer). We affirm the trial court's dismissal of claims against Bleeda and Morris Insurance, but reverse the trial court's dismissal of the PIP claim against Pioneer and remand for further proceedings.

## I. FACTUAL BACKGROUND

In 2013, Frank was driving a Ford Fusion that he had co-leased with his mother, Grace, when he was involved in a collision with an uninsured motorist and suffered serious injuries. At that time, Frank was residing with his wife, Neesa. Frank and Grace used the vehicle to provide care for Frank's father, who was ill and unable to drive. Grace had an insurance policy with Pioneer that covered the vehicle, but the policy did not name Frank as an insured.

After the accident, Frank filed a no-fault claim with Pioneer. Pioneer denied the claims on the basis that the policy did not cover Frank because he was not named in Grace's policy and was not a resident relative. The LaRoccas subsequently filed this action, alleging claims of negligence, breach of contract, fraud, and misrepresentation against Morris Insurance and its agent Jill Bleeda on the basis that they had improperly failed to ensure that Frank, who was a co-

-1-

lessee of the vehicle, was covered under Grace's insurance policy. The LaRoccas later amended their complaint to add no-fault PIP claims against Pioneer.

Morris Insurance and Bleeda moved for summary disposition under MCR 2.116(C)(10), asserting that they had no duty to ensure that Grace's policy covered Frank. While that motion was pending, Pioneer filed its own motion under MCR 2.116(C)(10). The trial court granted Morris Insurance and Bleeda's motion for summary disposition and, before Frank and Neesa had an opportunity to respond to Pioneer's motion, also dismissed the claims against Pioneer under MCR 2.116(I)(1). The LaRoccas now appeal.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Spiek v Dep't of Transp,* 456 Mich 331, 337; 572 NW2d 201 (1998). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted by the parties, viewing that evidence in a light most favorable to the nonmoving party. MCR 2.116(G)(5). The trial court may grant summary disposition under MCR 2.116(I)(1) "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay."

## III. NEGLIGENCE

The LaRoccas argue that the trial court improperly granted summary disposition because Morris Insurance and Bleeda inadequately advised Grace and Frank about the scope of Grace's insurance policy. We disagree.

To establish a prima facie claim of negligence, plaintiffs must prove the following four elements: (1) a duty owed to plaintiffs by defendants, (2) a breach of that duty, (3) causation, and (4) damages. *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). An independent insurance agent owes his or her customers a duty of loyalty to the insured and must act in the insured's "best interests, both in terms of finding an insurer that could provide them with the most comprehensive coverage and in ensuring that the insurance contract properly addressed their needs." *Genesee Foods Serv, Inc v Meadowbrook, Inc*, 279 Mich App 649, 656; 760 NW2d 259 (2008). But generally an insurance agent "does not have an affirmative duty to advise a client regarding the adequacy of a policy's coverage." *Mate v Wolverine Mut Ins Co*, 233 Mich App 14, 22-23; 592 NW2d 379 (1998). The insured has the duty to read the policy and raise questions about coverage within a reasonable time after it its issuance. *Id*. The exceptions to this rule are when

> (1) the agent misrepresents the nature or extent of the coverage offered or provided, (2) an ambiguous request is made that requires clarification, (3) an inquiry is made that may require advice and the agent, though he need not, gives advice that is inaccurate, or (4) the agent assumes an additional duty by either

express agreement with or promise to the insured. [*Harts v Farmers Ins Exch*, 461 Mich 1, 10-11; 597 NW2d 47 (1999).]

In this case, the LaRoccas did not provide any facts to indicate that Grace requested or even mentioned that she wanted coverage for Frank or that Frank would also be driving the vehicle. Bleeda and Morris Insurance did not have a duty to advise Grace of the adequacy of her coverage, and Grace did not subsequently ask any questions about the adequacy of her coverage. While the LaRoccas contend that Bleeda and Morris Insurance were aware that Grace and Frank were co-lessees of the car, the existence of a co-lease arrangement is not among those circumstances that trigger an agent's duty to advise the client about his or her coverage. See *id*. We conclude that the trial court properly granted summary disposition because there was no genuine question of material fact regarding whether Bleeda or Morris Insurance owed Frank a duty or had any obligation to advise Grace about the adequacy of her insurance coverage.

## IV. BREACH OF CONTRACT

The LaRoccas next argue that the trial court erred by granting summary disposition on Grace's breach of contract claim because Morris Insurance and Bleeda failed to provide Grace with necessary advice, thus causing her emotional distress. We disagree.

An insurance policy is commercial in nature, and the damages for breach depend on the contract's terms. *Kewin v Massachusetts Life Ins Co*, 409 Mich 401, 416-417; 295 NW2d 50 (1980). A recovery for mental distress damages "is generally not allowed, absent evidence that they were within the contemplation of the parties at the time the contract was made." *Id*.

In this case, the contract did not cover or contemplate emotional distress or the necessity of a substitute caregiver, which were the damages Grace sought. We conclude that the trial court properly granted summary disposition on Grace's breach of contract claim.

## V. FRAUDULENT MISREPRESENTATION

The LaRoccas next argue that the trial court improperly granted summary disposition on their fraudulent misrepresentation claims because Bleeda and Morris Insurance implied through silence that both Frank and Grace were insured. We disagree.

The elements of a claim for fraudulent misrepresentation or common-law fraud are:

(1) the defendant made a material misrepresentation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury. [*Roberts v Saffell*, 280 Mich App 397, 403; 760 NW2d 715 (2008), aff'd 483 Mich 1089 (2009).]

Fraudulent misrepresentation includes claims of silent fraud. *Id*. But "in order for the suppression of information to constitute silent fraud there must exist a legal or equitable duty of disclosure." *Id*. at 404.

As previously discussed, neither Bleeda nor Morris Insurance had a duty to counsel Grace regarding her coverage. Additionally, the LaRoccas provided no evidence that Grace ever requested that the policy cover Frank or that Bleeda or Morris Insurance ever represented that it did. We conclude that the trial court properly granted summary disposition because there was no genuine issue of material fact regarding whether Bleeda or Morris Insurance had a duty to inform Grace that the policy did not cover Frank.

## VI. NO-FAULT CLAIMS

The LaRoccas next argue that the trial court erred in granting judgment for Pioneer under MCR 2.116(I)(1). We agree.

The trial court may not contravene a party's due process rights when granting summary disposition under MCR 2.116(I). *Al-Maliki v LaGrant*, 286 Mich App 483, 489; 781 NW2d 853 (2009). At a minimum, due process requires that a party be given notice and an opportunity to be heard regarding its claims. *Bonner v City of Brighton*, 495 Mich 209, 235; 848 NW2d 380 (2014).

The trial court granted summary disposition under MCR 2.116(I)(1) on the basis that

> . . . it is clear to the Court that plaintiffs Count V [against Pioneer] is not viable, either. The Court finds that there is no evidence in the record to support any actionable wrongdoing on the part of any defendant, including Pioneer. Accordingly, dismissal of plaintiffs' entire complaint as a matter of law to pursuant [sic] MCR 2.116(I)(1) is warranted.

However, wrongdoing on the part of Pioneer was not necessary to the LaRoccas' no-fault PIP claim. Even without qualifying as an insured under Grace's policy, Pioneer may still be the proper party to provide coverage because it was the insurer of the vehicle that Frank was driving when he was injured, and neither Frank nor anyone else in his household had no-fault coverage at the time of the accident. See MCL 500.3114(4)(a). Although Pioneer had filed a motion for summary disposition on different grounds, the LaRoccas did not have an opportunity to respond to that motion, and the trial court's ruling did not address those grounds. We conclude that the trial court erred by sua sponte granting summary disposition on the claims against Pioneer.

We affirm in part, reverse in part, and remand. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra

-4-