*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMY G. LOSINSKI,

      Plaintiff-Appellant,

v

TERRENCE T. CARTER, JR.,

      Defendant,

and

PROGRESSIVE MARATHON INSURANCE COMPANY,

      Defendant-Appellee.

UNPUBLISHED
July 29, 2021

No. 355047
Macomb Circuit Court
LC No. 2019-003837-NI

Before: GLEICHER, P.J., and CAVANAGH and LETICA, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants Terrence T. Carter, Jr., and Progressive Marathon Insurance Company.[1] On appeal, plaintiff argues that the trial court erred because there was no evidence that she intended to engage in fraud or misrepresentation. We affirm.

## I. FACTUAL BACKGROUND

This no-fault action arises from a two-vehicle accident that allegedly occurred in December 2018, between plaintiff and Carter. Plaintiff was the named insured on an insurance policy with defendant that she renewed every six months. Plaintiff testified that she obtained the insurance

---

[1] There is no indication in the lower court record that Carter ever participated in the lower court proceedings, nor is he a party to this appeal. Thus, our references to "defendant" only refer to Progressive Marathon Insurance Company.

policy in 2011 when she lived in Grosse Pointe Woods. Around 2013, plaintiff moved from Grosse Pointe Woods to Macomb Township. Although plaintiff testified that she did not remember whether she reported the change of address to defendant, defendant provided records establishing that the address for plaintiff's insurance policy had been changed from Grosse Pointe to Macomb Township, effective May 2013. In fall of 2015 or 2016, plaintiff moved from Macomb Township to St. Clair Shores. Finally, in fall 2017, plaintiff moved from St. Clair Shores to Harper Woods, where she resided when the accident occurred. In May 2018, plaintiff added a vehicle—a Chevrolet Tahoe—to the insurance policy. The declarations page that memorialized the added vehicle provided that plaintiff's address was in Macomb Township.

The insurance policy contained, in relevant part, provisions regarding the insured's duty to report changes, fraud or misrepresentation, and the insured's ability to sue defendant. The "duty to report changes" provision stated, in relevant part, that the insured was required to "promptly report" all changes in policy information to defendant. This included changes in the insured's mailing address, residential address, and principal garaging address of a vehicle covered by the policy. The "fraud or misrepresentation" provision stated:

> This policy was issued in reliance upon the information provided on your insurance application. We may void this policy at any time, including after the occurrence of an accident or loss, if you:
>
> > 1. made incorrect statements or representations to us with regard to any material fact or circumstance;
> >
> > 2. concealed or misrepresented any material fact or circumstance; or
> >
> > 3. engaged in fraudulent conduct;
>
> at the time of the application. This means that we will not be liable for any claims or damages that would otherwise be covered.
>
> Any changes we make at your request to this policy after inception will be made in reliance upon information you provide. If you:
>
> > 1. make incorrect statements or representations to us with regard to any material fact or circumstance;
> >
> > 2. conceal or misrepresent any material fact or circumstance; or
> >
> > 3. engage in fraudulent conduct;
>
> in connection with a requested change we may void the policy or reform it as it existed immediately prior to the requested change. We may do this at any time, including after the occurrence of an accident or loss.
>
> When we have not voided or reformed the policy, we may still deny coverage for an accident or loss if you, in connection with the policy application, in connection with any requested change, or at any time during the policy period,

have concealed or misrepresented any material fact or circumstance or engaged in fraudulent conduct and that concealment, misrepresentation, or fraudulent conduct was material to a risk we assumed.

We may deny coverage for an accident or loss if you or a person seeking coverage has concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

Finally, the policy contained a provision stating that an insured could not sue defendant "unless there [was] full compliance with all the terms of this policy."

After the accident, plaintiff sought benefits from defendant for injuries she allegedly sustained from the accident. Defendant denied plaintiff's claim for benefits on the basis that it "discovered a material misrepresentation" associated with the Tahoe: "During the course of the investigation we confirmed that when the . . . Tahoe was added to the policy . . . it was not garaged at the policy address provided."[2] Plaintiff filed a complaint, seeking first-party benefits from defendant. Defendant subsequently filed a motion for summary disposition pursuant to MCR 2.116(C)(10). The trial court held a hearing on the motion and later granted it, entering an order dismissing plaintiff's claim with prejudice in its entirety. This appeal follows.

## II. ANALYSIS

Plaintiff argues the trial court erred by granting defendant's motion for summary disposition. We disagree.

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "A motion for summary disposition brought pursuant to MCR 2.116(C)(10) tests the factual support for a claim." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018) (quotation marks and citation omitted). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil*, 504 Mich at 160. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists if the record, viewed in a light most favorable to the nonmoving party, establishes a matter in which reasonable minds could differ." *Puetz v Spectrum Health Hosps*, 324 Mich App 51, 68; 919 NW2d 439 (2018). "Interpretation of a contract and whether the trial court properly applied equitable principles involves questions of law that we review de novo." *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 443; 889 NW2d 759 (2016).

At the outset, it is important to note that this case involves an antifraud provision in an insurance contract. In *Meemic Ins Co v Fortson*, 506 Mich 287, 293; 954 NW2d 115 (2020), our Supreme Court considered whether an antifraud provision in the no-fault insurance policy between

---

[2] We note that plaintiff was not driving the Tahoe when the accident occurred; instead, she was driving another vehicle that was on the insurance policy.

the parties was "valid and enforceable when applied to coverage mandated by the no-fault act, MCL 500.3101 *et seq*." After discussing caselaw and the mandatory-coverage requirement of the no-fault act, the Court concluded that "[i]f the [contract-based fraud] defense is properly derived from either [the no-fault act or the common law], it is valid; if not, then it goes beyond what [an automobile insurer] can assert to avoid mandatory coverage and is invalid and unenforceable." *Id*. at 303. The Court first considered whether fraud was a statutory defense before concluding that "[t]he no-fault act . . . does not provide a fraud defense to [personal injury protection (PIP)] coverage . . . ." *Id*. at 303-304.

Turning to the common law, the Court recognized that fraud could be a defense to void the contract "if a contract *is obtained* as a result of fraud or misrepresentation." *Id*. at 305 (quotation marks and citation omitted). "At common law, the defrauded party could only seek rescission, or avoidance of the transaction, if the fraud related to the inducement to or inception of the contract." *Id*. Conversely, an allegation of "postprocurement fraud" would only be a valid defense when a party "fail[ed] to perform a substantial part of the contract or one of its essential terms." *Id*. at 308. But the Court cautioned that "the mere breach of a contract would not entitle the injured party to avoid the contract at common law. Rather, facts which will ordinarily warrant the rescission of a contract must have existed at the time the contract was made." *Id*. (quotation marks and citations omitted).

Here, the language of the "fraud or misrepresentation" provision—an antifraud provision—allowed defendant to void the policy, reform the policy, or deny an insured's claim "at any time, including after the occurrence of an accident or loss." Thus, if plaintiff's alleged misrepresentation regarding her address occurred *postprocurement*, dismissal of her action on the basis of the policy's antifraud provision would be erroneous. *Id*. at 308. If plaintiff's alleged misrepresentation regarding her address occurred *preprocurement*, though, dismissal of her action on the basis of the antifraud provision would not necessarily be erroneous. *Id*. at 305.

Here, plaintiff made a misrepresentation in the inducement of the insurance contract because the renewal contracts constituted separate and distinct contracts. Regarding renewal contracts, this Court explained:

> A renewal contract has been stated by many jurisdictions to be a new, and a separate and distinct contract, unless the intention of the parties is shown clearly that the original and renewal agreements shall constitute one continuous contract. It has thus been stated to be a new or separate contract which is based upon and subject to the same terms and conditions as were contained in the original policy. Unless otherwise provided, the rights of the parties are controlled by the terms of the original contract, and the insured is entitled to assume, unless he has notice to the contrary, that the terms of the renewal policy are the same as those of the original contract. [*Zufelt*, 315 Mich App at 443-444, quoting *Russell v State Farm Mut Auto Ins Co*, 47 Mich App 677, 680; 209 NW2d 815 (1973) (quotation marks and citation omitted).]

"Michigan is one of the jurisdictions referred to that has accepted this approach." *Russell*, 47 Mich App at 680.[3] See also *Maurer v Fremont Ins Co*, 325 Mich App 685, 696 n 6; 926 NW2d 848 (2018) ("A renewal policy is considered to be a new contract.").

Even considering the separate nature of the renewal contracts, a genuine issue of material fact exists regarding whether plaintiff committed preprocurement fraudulent misrepresentation or silent fraud. Fraudulent misrepresentation

> entails a defendant making a false representation of material fact with the intention that the plaintiff would rely on it, the defendant either knowing at the time that the representation was false or making it with reckless disregard for its accuracy, and the plaintiff actually relying on the representation and suffering damage as a result. [*Alfieri v Bertorelli*, 295 Mich App 189, 193; 813 NW2d 772 (2012).]

"Silent fraud, also known as fraudulent concealment, acknowledges that suppression of a material fact, which a party in good faith is duty-bound to disclose, is equivalent to a false representation and will support an action in fraud." *Maurer*, 325 Mich App at 695 (quotation marks and citation omitted). But "in order for silent fraud to be actionable, the party having a legal or equitable duty to disclose must have concealed the material fact with an intent to defraud." *Id.*

Here, a genuine issue of material fact exists regarding whether plaintiff intended to defraud defendant by failing to notify it of her change of address. Plaintiff had previously changed her policy address when she moved from Grosse Pointe to Macomb Township; this move resulted in plaintiff's premium amount decreasing. Plaintiff did not notify defendant of her subsequent moves at any point before the accident occurred. Had plaintiff informed defendant of her move to Harper Woods, her premium would have increased. Plaintiff indicated that defendant had not asked her about her address in order for her to have disclosed the change until sometime after the accident, at which point she disclosed the move. But plaintiff notifying defendant of a previous change in address indicates that she was aware of the requirement to notify defendant of a change in address, as well as the process for doing so. Her notification of her change in address when it decreased her premium, but her failure to notify defendant of the same when it would have increased her premium creates a factual dispute regarding whether plaintiff intended to defraud defendant. Moreover, plaintiff's admission that she updated her addresses with the post office, Secretary of State, and her bank—but not defendant—creates a question of fact regarding why she did not do so with defendant. Viewing the record in a light most favorable to plaintiff, an issue of material fact exists regarding whether plaintiff intended to defraud defendant. *El-Khalil*, 504 Mich at 160. Thus, summary disposition was not appropriate under the theories of fraudulent misrepresentation or silent fraud.

However, there is no genuine issue of material fact regarding whether plaintiff committed preprocurement innocent misrepresentation. "A claim of innocent misrepresentation is shown where a party detrimentally relies on a false representation in such a manner that the injury inures

---

[3] "Opinions from this Court issued before November 1, 1990, are not binding upon this Court but may be persuasive." *Jackson v Dir of Dep't of Corrections*, 329 Mich App 422, 429 n 5; 942 NW2d 635 (2019).

to the benefit of the party making the misrepresentation." *Roberts v Saffell*, 280 Mich App 397, 404; 760 NW2d 715 (2008), aff'd 483 Mich 1089 (2009) (quotation marks and citation omitted). "[F]or liability under a theory of innocent representation to arise there must be privity of contract between the party making the representation and the party claiming to have detrimentally relied on it." *Id*.

Plaintiff admitted that she did not notify defendant of her change of address after moving from Macomb Township. Plaintiff renewed her insurance policy every six months. The record indicates that plaintiff renewed her insurance policy several times after moving, yet the address on her policy remained the Macomb Township address. Additionally, when plaintiff added the Tahoe to her insurance coverage, the policy reflected that the Tahoe was garaged in Macomb Township; however, plaintiff admitted that the vehicle was never garaged there. The representation that she continued to live in Macomb Township and garage the Tahoe and the other vehicles there was thus false. Defendant detrimentally relied on this representation because it continued covering plaintiff at a lower premium than it would have had it known plaintiff's current address. This injury benefitted plaintiff because she received a lower premium payment. Finally, there was privity of contract between plaintiff and defendant by virtue of the insurance policy, under which plaintiff was a named insured. Thus, no genuine issue of material fact existed regarding whether plaintiff committed innocent misrepresentation in the procurement of the renewal contracts in violation of the terms of the insurance policy because she renewed her policy several times after moving out of Macomb Township. Even though the trial court erroneously granted summary disposition in part on the basis of silent fraud, it did not err by granting summary disposition because no genuine issue of material fact existed regarding plaintiff committing an innocent misrepresentation in the inducement of the renewal contracts. See *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003) ("A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason.").

Moreover, the trial court did not err in granting summary disposition because no genuine issue of material fact existed regarding plaintiff's failure to comply with all of the terms of the policy. Pursuant to the plain language of the policy, plaintiff had a duty to notify defendant of certain changes, including changes in mailing address, residential address, and the principal garaging address of any vehicle covered by the policy. The policy indicated that plaintiff could not bring an action against defendant unless she fully complied "with all the terms of [the] policy."[4] Plaintiff admitted that she moved from Macomb Township to St. Clair Shores, then subsequently from St. Clair Shores to Harper Woods. Plaintiff further admitted that she did so without notifying defendant of her changes in address. When plaintiff added the Tahoe to her policy coverage, the address associated with the vehicle was in Macomb Township. But plaintiff admitted that she resided in Harper Woods and that none of the vehicles covered by the policy were garaged in Macomb Township at that time.

Viewing this record in a light most favorable to plaintiff, we conclude that no genuine issue of material fact exists regarding plaintiff's failure to comply with her contractual duty to notify defendant of changes to her address. *El-Khalil*, 504 Mich at 160. Under the terms of the policy,

---

[4] For this reason, plaintiff's claim that dismissal of the case was a harsh remedy is without merit.

plaintiff's failure to fully comply with all terms of the policy precluded plaintiff from bringing a claim against defendant. Accordingly, the trial court properly granted summary disposition under MCR 2.116(C)(10).

Affirmed.

/s/ Mark J. Cavanagh
/s/ Anica Letica