ISBELL v BRIGHTON AREA SCHOOLS

Docket No. 136310. Submitted December 10, 1992, at Lansing. Decided April 5, 1993, at 10:30 A.M. Leave to appeal sought.

Charissa Isbell brought an equitable action in the Livingston Circuit Court against the Brighton Area Schools and the Brighton Board of Education after being denied a high school diploma because of excessive absences. The court, Daniel A. Burress, J., granted summary disposition for the plaintiff and ordered the defendants to issue the plaintiff a high school diploma, after ruling that she lacked an adequate remedy at law and was entitled to equitable relief because the school's attendance policy was unreasonable. The defendants appealed.

The Court of Appeals *held:*

The clean hands doctrine applies in this case and prevents the plaintiff from securing the equitable relief requested. The plaintiff admitted forging excuse notes and, therefore, does not have clean hands.

Reversed.

Equity — Clean Hands Doctrine.

One who seeks the aid of equity must come to court with clean hands; the primary factor in determining whether the plaintiff does so is whether the plaintiff sought to mislead or deceive the other party, not whether the other party relied upon the plaintiff's misrepresentations.

*Thomas A. Fitchett,* for the plaintiff.

*McCririe, Cameron, Hanson & McCririe* (by *David K. Hanson* and *William D. McCririe*) (*O'Leary, O'Leary, Jacobs, Mattson & Perry, P.C.,* by *John P. Jacobs,* of Counsel), for the defendant.

Before: Michael J. Kelly, P.J., and Fitzgerald and Taylor, JJ.

References

Am Jur 2d, Equity § 138.
See ALR Index under Equity; Clean Hands Doctrine.

TAYLOR, J. Defendants appeal as of right a December 1990 order denying defendants' motion for summary disposition and granting plaintiff's motion for summary disposition, both brought pursuant to MCR 2.116(C)(10). We reverse.

During each semester of the 1988-89 school year, plaintiff's senior year at Brighton High School, plaintiff was absent without excuse on more than six occasions. She was denied course credit under the school's attendance policy, and was ultimately denied a diploma.

Plaintiff sued defendants alleging constitutional, contract, and tort theories, and also raising equitable claims. The trial court ruled that plaintiff lacked an adequate remedy at law and was entitled to equitable relief (issuance of a diploma) because the school attendance policy was unreasonable. Accordingly, the trial court granted plaintiff's (and denied defendants') motion for summary disposition.

Because we conclude that plaintiff is barred from equitable relief by the clean hands doctrine, we need not and do not reach the question whether defendants' attendance policy was reasonable.

One who seeks the aid of equity must come in with clean hands. This maxim is an integral part of any action in equity, and is designed to preserve the integrity of the judiciary. *Stachnik v Winkel,* 394 Mich 375, 382, 386; 230 NW2d 529 (1975); *Sands v Sands,* 192 Mich App 698, 704; 482 NW2d 203 (1992). The *Stachnik* Court described the clean hands doctrine as

> a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the

behavior of the defendant. That doctrine is rooted in the historical concept of the court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith. This presupposes a refusal on its part to be "the abettor of iniquity." [*Stachnik, supra,* p 382, quoting *Precision Instrument Mfg Co v Automotive Maintenance Machinery Co,* 324 US 806, 814; 65 S Ct 993; 89 L Ed 1381 (1945).]

Plaintiff admittedly forged excuse notes, so she does not have clean hands.

In determining whether the plaintiffs come before this Court with clean hands, the primary factor to be considered is whether the plaintiffs sought to mislead or deceive the other party, not whether that party relied upon plaintiff's misrepresentations. [*Stachnik, supra,* p 387.]

Thus, it is plaintiff's deceit, not defendants' reliance on the forged notes, that determines whether the clean hands doctrine should be applied. As Justice COOLEY wrote:

[I]f there are any indications of overreaching or unfairness on [equity plaintiff's] part, the court will refuse to entertain his case, and turn him over to the usual remedies.[1]

We find that the clean hands doctrine applies to prevent plaintiff from securing the relief she requests. In view of our resolution of this matter, we do not reach the other issues raised.

Reversed.

---

[1] *Rust v Conrad,* 47 Mich 449, 454; 11 NW 265 (1882), quoted by the *Stachnik* Court, 394 Mich 387.