# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM JOSEPH BATTS,

Plaintiff-Appellee,

v

TITAN INSURANCE COMPANY,

Defendant-Appellant.

FOR PUBLICATION
December 12, 2017
9:05 a.m.

No. 335656
Wayne Circuit Court
LC No. 14-013559-NF

Before: JANSEN, P.J., and CAVANAGH and CAMERON, JJ.

CAVANAGH, J.

Defendant appeals as of right from a stipulated judgment entered following the trial court's order denying defendant's motion for summary disposition in this no-fault insurance dispute. We affirm and remand for entry of an order granting summary disposition in plaintiff's favor.

Plaintiff, a military veteran, was riding a motor scooter and was injured when he struck a vehicle that failed to stop at an intersection stop sign. The vehicle could not be identified. Plaintiff received various medical treatments through the Veteran Administration (VA) for his injuries, but also received medical care from non-VA medical providers, including Serenity Personal Care, an assisted-living facility. Plaintiff did not have a policy of no-fault insurance available to him in his household. Therefore, plaintiff filed a claim for no-fault personal injury protection (PIP) benefits through the assigned claims plan, which assigned the claim to defendant. Defendant refused to pay any of the requested PIP benefits on the ground that plaintiff was entitled to health care benefits through the VA, and thus, the VA was the primary insurer responsible for plaintiff's medical care and expenses.

Plaintiff then filed his complaint seeking payment of PIP benefits from defendant. Plaintiff alleged that defendant had refused to pay any PIP benefits, including medical, attendant care, replacement service, and transportation benefits.

Defendant filed a motion for summary disposition under MCR 2.116(C)(10), arguing that as a military veteran plaintiff had health "insurance" coverage through the VA which, like an HMO, required plaintiff to receive medical treatment within the VA system. Consequently, under the coordination of benefits provision of MCL 500.3109a, defendant was not liable for the cost of any medical treatment received by plaintiff outside of the VA system. Similarly, because benefits through the assigned claims carrier are coordinated under MCL 500.3172(2) and

-1-

plaintiff had health care coverage through the VA, defendant was not liable for any of plaintiff's medical expenses. Further, under the set-off provision of MCL 500.3109(1), defendant was entitled to a set-off against federal benefits to which plaintiff was entitled. And, in this case, the VA health system could provide the same treatments and services plaintiff received from non-VA providers after his motor vehicle accident; thus, defendant was not liable for those expenses. That is, although plaintiff's case manager, Monica Gay, testified that a VA social worker contacted her to locate 24-hour care for plaintiff following a surgical procedure, Gay did not seek that care from a VA facility before having him placed at Serenity Personal Care. Further, a social worker at the VA, Pamela Mackey, testified that although the VA does not provide 24-hour care, a veteran can apply to a VA-run medical foster care program which requires a veteran to privately pay to receive care by individuals who are reviewed by VA staff. Therefore, defendant argued, plaintiff's complaint seeking PIP benefits should be summarily dismissed.

Plaintiff responded to defendant's motion for summary disposition and requested summary disposition in his favor under MCR 2.116(I)(2). First, plaintiff argued, the VA is not a health insurance company; it is a medical provider of last resort for veterans unless they have a service-connected injury. Federal law—specifically 38 USC § 1729—establishes that the VA is not an "insurer" because it grants the federal government the right to be reimbursed for the cost of medical care provided to veterans for non-service related injuries. More specifically, 38 USC § 1729 states that when a veteran receives medical care for non-service connected injuries incurred in a motor vehicle accident, no law of any state and no contract provision shall prevent recovery by the Unites States for the care or services furnished to the veteran. See also *United States v State Farm Ins Co*, 599 F Supp 441 (ED Mich, 1984). Accordingly, this federal law preempts the state law provisions that defendant is relying on and defendant's argument is without merit.

Second, plaintiff argued, the no-fault provisions and cases relied upon by defendant in support of its legal position are inapposite. In this case, plaintiff did not choose to purchase a coordinated automobile insurance policy that offered reduced health care benefits. Moreover, again, the VA is not a health insurance company. That is why the VA actually sought payment from defendant through its numerous billings for medical services provided to plaintiff as a consequence of the motor vehicle accident. Further, defendant was sent a letter written by a staff attorney at the VA General Counsel Office which set forth the legal authority, including 38 USC § 1729, supporting its efforts to seek reimbursement for medical services provided to plaintiff as a result of the motor vehicle accident. In summary, plaintiff argued, he was wrongfully denied PIP benefits and was entitled to summary disposition in his favor.

Following oral arguments, the trial court denied defendant's motion for summary disposition. The trial court held that because the VA did not offer the services that plaintiff needed, defendant was liable for those expenses incurred outside the VA. Subsequently, the trial court granted defendant's motion to stay proceedings pending this Court's decision on defendant's application for leave to appeal. After this Court issued an order denying defendant's application, the parties agreed to a contingent award of damages pending appeal and the trial court entered a stipulated judgment that closed the case. This appeal of right followed.

Defendant argues that plaintiff had health insurance coverage through the VA and was required under provisions of the no-fault act to seek and receive all medical treatment within the

VA system. Therefore, defendant was not liable for any outstanding PIP benefits and the trial court erred in denying its motion for summary disposition. We disagree.

We review de novo a trial court's decision to grant a motion for summary disposition. *Lakeview Commons v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). A motion brought under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists. *Id*.

We also review de novo questions of statutory interpretation. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). It is well-established that the goal of statutory interpretation is to give effect to the intent of the Legislature. *Atchison v Atchison*, 256 Mich App 531, 535; 664 NW2d 249 (2003). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013).

Under the assigned claims statutory scheme, including MCL 500.3172(3)(b) and 500.3175(1), defendant was required to make prompt payment for plaintiff's losses suffered as a consequence of the motor vehicle accident in accordance with the no-fault act. Defendant has asserted three untenable excuses for failing to do so. First, defendant claims that under the coordination of benefits provision of MCL 500.3109a, it was not liable for medical expenses incurred by plaintiff inside or outside of the VA system. MCL 500.3109a provides:

> An insurer providing personal protection insurance benefits under this chapter may offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured.

This provision plainly refers to "coordinated" no-fault policies, i.e., no-fault policies that are purchased by the insured that coordinate their no-fault and health insurance coverage in exchange for a reduced premium. *St John Macomb-Oakland Hosp v State Farm Mut Auto Ins Co*, 318 Mich App 256, 263; 896 NW2d 85 (2016). "In that circumstance, the no-fault insurer is not liable for medical expenses that the health insurer is required to pay for or provide." *Id*., citing *Tousignant v Allstate Ins Co*, 444 Mich 301, 303; 506 NW2d 844 (1993). Consequently, the no-fault insurer is only liable for medical expenses incurred for care or services not available from the insured's health insurer—the primary insurer. *Id*. at 307; *Sprague v Farmers Ins Exch*, 251 Mich App 260, 270; 650 NW2d 374 (2002).

In this case, however, plaintiff did not purchase either a no-fault policy or a *coordinated* no-fault insurance policy; thus, MCL 500.3109a is not applicable. Accordingly, defendant's argument premised on the holdings in *Tousignant* and *Owens v Auto Club Ins Ass'n*, 444 Mich 314; 506 NW2d 850 (1993), is without merit. Both of those decisions involved no-fault policies that coordinated benefits as allowed by MCL 500.3109a. The former concerned health coverage through an HMO. *Tousignant*, 444 Mich at 310. The latter concerned health coverage though the Coast Guard and the VA—for an *active* member/employee of the Coast Guard, not a veteran. *Owens*, 444 Mich at 318-319, 321-322. And in both cases, the insureds' voluntary decisions to purchase coordinated no-fault policies was critical to the Court's holdings. Thus, here, to the extent the trial court held that plaintiff's claim for PIP benefits was subject to MCL 500.3109a—

but that plaintiff was still entitled to recovery because the medical services he required were not available from the VA—the trial court's decision was erroneous. MCL 500.3109a is inapplicable.

The second reason provided by defendant for failing to promptly pay plaintiff's PIP claim is that, under MCL 500.3172(2), benefits through the assigned claims plan are coordinated with a claimant's benefits received from other sources, including health care benefits through the VA. MCL 500.3172(2) provides:

> Except as otherwise provided in this subsection, personal protection insurance benefits, including benefits arising from accidents occurring before March 29, 1985, payable through the assigned claims plan *shall be reduced to the extent that benefits covering the same loss are available from other sources*, regardless of the nature or number of benefit sources available and regardless of the nature or form of the benefits, to a person claiming personal protection insurance benefits through the assigned claims plan. This subsection only applies if the personal protection insurance benefits are payable through the assigned claims plan because no personal protection insurance is applicable to the injury, no personal protection insurance applicable to the injury can be identified, or the only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed. As used in this subsection, "sources" and "benefit sources" do not include the program for medical assistance for the medically indigent under the social welfare act, 1939 PA 280, MCL 400.1 to 400.119b, or insurance under the health insurance for the aged act, title XVIII of the social security act, 42 USC 1395 to 1395kkk-1. [Emphasis added.]

Defendant claims that plaintiff's eligibility to receive health care services through the VA constituted a "benefit source" which relieved defendant of its obligation to pay for any medical care or services required by plaintiff for his motor vehicle accident injuries. We do not agree.

As plaintiff argued in the trial court, the VA has the same right to recover payment for medical care and services provided to plaintiff as any private hospital or medical facility. That is so because of a federal statute, 38 USC § 1729, which states:

> (a)(1) Subject to the provisions of this section, in any case in which a veteran is furnished care or services under this chapter for a non-service-connected disability described in paragraph (2) of this subsection, the United States has the right to recover or collect reasonable charges for such care or services (as determined by the Secretary) from a third party to the extent that the veteran (or the provider of the care or services) would be eligible to receive payment for such care or services from such third party if the care or services had not been furnished by a department or agency of the United States.

> (2) Paragraph (1) of this subsection applies to a non-service-connected disability--

* * *

-4-

(B) that is incurred as the result of a motor vehicle accident to which applies a State law that requires the owners or operators of motor vehicles registered in that State to have in force automobile accident reparations insurance;

* * *

(b)(1) As to the right provided in subsection (a) of this section, the United States shall be subrogated to any right or claim that the veteran . . . may have against a third party.

* * *

(f) No law of any State or of any political subdivision of a State, and no provision of any contract or other agreement, shall operate to prevent recovery or collection by the United States under this section . . . .

These provisions clearly allow the United States to recover the cost of providing medical care to a veteran through the VA system for injuries sustained in a motor vehicle accident.

The Supremacy Clause of the United States Constitution, US Const, art VI, cl 2, gives Congress the authority to preempt state laws that interfere with, or are contrary to, federal law. See *Ter Beek v City of Wyoming*, 495 Mich 1, 10; 846 NW2d 531 (2014) (quotation marks and citations omitted). "Under conflict preemption, a federal law preempts state law to the extent that the state law directly conflicts with federal law or with the purposes and objectives of Congress." *Packowski v United Food & Commercial Workers Local 951*, 289 Mich App 132, 140; 796 NW2d 94 (2010). Thus, to the extent that MCL 500.3172(2), or any other no-fault provision, is in conflict with the federal statute mandating reimbursement for medical care and services provided to a veteran for nonservice-related injuries—like those resulting from a motor vehicle accident—such state laws are preempted by 38 USC § 1729. And because the VA system, like private hospitals and medical facilities, does not provide free medical services to veterans for nonservice-related injuries, entitlement to seek medical services from the VA cannot be deemed a "benefit source" that relieved defendant of its obligation to pay PIP benefits to plaintiff. Accordingly, defendant's argument regarding MCL 500.3172(2) is without merit.

The third reason provided by defendant for failing to promptly pay plaintiff's PIP claim is that, under MCL 500.3109(1), defendant was entitled to a set-off against federal benefits to which plaintiff was entitled, including health care benefits through the VA. MCL 500.3109(1) states:

Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury under this chapter.

As our Supreme Court explained: "The history of § 3109(1) indicates that the Legislature's intent was to require a set-off of those government benefits that duplicated the no-fault benefits payable because of the accident and thereby reduce or contain the cost of basic insurance." *O'Donnell v State Farm Mut Auto Ins Co*, 404 Mich 524, 544; 273 NW2d 829 (1979). But plaintiff was not

active in a military service when he was in the motor vehicle accident.[1]  As discussed above, 38 USC § 1729 negates any argument that the VA was liable, and primarily responsible, to provide medical benefits to plaintiff for his nonservice-related motor vehicle accident injuries.  In other words, there was no duplication of governmental benefits related to plaintiff's medical care.  The United States is entitled to reimbursement for all medical services provided to plaintiff for his accident-related injuries; thus, defendant is not entitled to a set-off for the medical services provided to plaintiff by the VA for his accident-related injuries.  The health care benefits plaintiff received from the VA were outside the scope of § 3109(1).  Moreover, because defendant was the primary insurer responsible for plaintiff's medical expenses for injuries sustained in the automobile accident, plaintiff was not required to solely seek medical care and services through the VA system.

In summary, defendant as the assigned claims insurer was required under the no-fault act to promptly pay plaintiff's PIP benefits and defendant's reasons for refusing to pay any benefits at all were unreasonable.  Therefore, defendant's motion for summary disposition premised on those same reasons was properly denied, albeit for the wrong reason.  And plaintiff's request for summary disposition in his favor under MCR 2.116(I)(2) should have been granted.  Accordingly, we affirm the trial court's decision but remand for entry of an order granting summary disposition in plaintiff's favor.  Because the parties' stipulated award of damages is "inclusive of no-fault penalty interest, no-fault attorney fees, and taxable costs," we need not remand for further proceedings in that regard.

Affirmed, but remanded for entry of an order granting summary disposition in plaintiff's favor.  We do not retain jurisdiction.  Plaintiff is entitled to costs as the prevailing party.  MCR 7.219(A).

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Thomas C. Cameron

---

[1] Compare *Morgan v Citizens Ins Co of America*, 432 Mich 640, 643-644; 442 NW2d 626 (1989), a case in which the plaintiff was injured in a motor vehicle accident while active in a military service.