# STATE OF MICHIGAN

# COURT OF APPEALS

---

DALE MAURER, as Conservator for RACHEL
AMY MAURER, a Legally Incapacitated
Individual,

Plaintiff/Counterdefendant-
Appellee,

v

FREMONT INSURANCE COMPANY,

Defendant/Counterplaintiff-
Appellant.

FOR PUBLICATION
September 18, 2018

No. 336514
Tuscola Circuit Court
LC No. 14-028072-NF

---

Before: JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

JANSEN, J. (*dissenting*).

Defendant appeals as of right the trial court's amended final order closing the case in this first-party no fault action. However, the crux of defendant's appeal is actually a challenge to the trial court's order granting summary disposition in favor of plaintiff, denying defendant's motion to amend its affirmative defenses, and denying defendant's motion for summary disposition. Because I would reverse, I respectfully dissent.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

On December 3, 2012, plaintiff, Rachel Amy Maurer, was catastrophically injured in a motor vehicle accident. At the time of the collision, plaintiff was driving her personal vehicle, a Buick Century, within the course and scope of her employment with the United States Postal Service (USPS). Accordingly, plaintiff's medical expenses were paid pursuant to the Federal Employee Compensation Act (FECA), 5 USC 8101 *et seq*. Plaintiff also successfully pursued a tort action, seeking third-party no-fault benefits pursuant to MCL 500.3135, against the driver of the vehicle who caused the collision, as well as his employer.

At the time of the accident, plaintiff's husband, Dale Maurer, had obtained a no-fault insurance policy through defendant. On January 3, 2014, plaintiff filed a complaint for declaratory relief against defendant on the basis that because of her third-party action, USPS had "asserted a lien claiming a right of reimbursement for expenses paid under FECA[.]" Plaintiff asked the trial court to enter a declaratory judgment order that in the event that she obtained a

-1-

tort recovery, defendant would become liable for first-party PIP benefits to be reimbursable to USPS under FECA.

On December 5, 2014, after plaintiff succeeded in obtaining a tort recovery, she filed an amended complaint in which she claimed that USPS had, in fact, asserted a lien for reimbursement of expenses paid under FECA, and asked the trial court to enter a declaratory judgment against defendant for PIP benefits, together with costs, interest, and attorney fees. Plaintiff also added a second breach of contract claim, alleging that despite having reasonable proof of plaintiff's loss, defendant unreasonably refuses to pay PIP benefits to her.

On January 5, 2015 defendant filed a counterclaim for rescission of the no-fault insurance policy issued to Mr. Maurer on the basis that Mr. Maurer had made material misrepresentations regarding the use of the Buick Century in his application for no-fault insurance on September 6, 2006. Defendant claimed that Mr. Maurer's material misrepresentations increased its risk of loss by "impairing its ability to make a reasoned and informed underwriting decision relative to the policy that was issued." Accordingly, defendant claimed it was entitled to rescind *ab initio* the no-fault policy issued to Mr. Maurer.

On July 20, 2015, plaintiff moved for summary disposition on defendant's counterclaim for rescission, arguing that the innocent third-party doctrine protected plaintiff's right of recovery, that defendant's rescission claim was time barred by the six-year statute of limitations, and that alternatively, the doctrine of laches precluded defendant's claim. In an opinion and order dated September 29, 2015, the trial court granted plaintiff's motion for summary disposition, concluding that because Mr. Maurer was the one to file the application for insurance, plaintiff was protected by the innocent third-party rule. Additionally, the trial court determined that the six-year statute of limitations found in MCL 600.5813 barred defendant's rescission claim because the alleged misrepresentation occurred on September 6, 2006, which means that defendant should have filed its claim before September 6, 2012.

Following this Court's decision in *Bazzi v Sentinel Insurance Company*, 315 Mich App 763; 891 NW2d 13 (2016) (*Bazzi I*), defendant was permitted to file a motion for summary disposition on its rescission claim. Defendant argued that Mr. Maurer had made material misrepresentations regarding the use of the Buick Century, namely that the vehicle was, in fact, being used for business purposes, and rescission was appropriate. Additionally, because plaintiff was injured "in a motor vehicle accident involving a vehicle she owned, but for which she did not purchase the required no-fault insurance," coverage was precluded under MCL 500.3113(b). Finally, defendant argued that the statute of limitations, the doctrine of laches, or the innocent third-party rule did not bar its claim for rescission. Defendant also filed a motion to amend its affirmative defenses to include MCL 500.3113(b).

Plaintiff filed her own motion for summary disposition pursuant to MCR 2.116(C)(10). Plaintiff argued that defendant's "only justification for refusing [to pay PIP benefits to plaintiff] is a legal theory that has already been rejected" by the trial court, i.e., rescission. Accordingly, there is no justifiable reason to refuse to pay plaintiff PIP benefits, and summary disposition in favor of plaintiff should be granted with respect to plaintiff's claims for work loss benefits and the itemized allowable expenses claimed.

In a written opinion and order entered on October 12, 2016, the trial court granted plaintiff's motion for summary disposition, denied defendant's motion to amend its affirmative defenses, and denied defendant's motion for summary disposition. The trial court found that the six-year statute of limitations found in MCL 600.5813 barred defendant's rescission claim. Accordingly, it did not find it necessary to address defendant's doctrine of laches or innocent third-party rule arguments. Likewise, the trial court denied defendant's motion to amend its affirmative defenses, stating that it had "reviewed the argument, and . . . it is without merit[.]"

Conversely, plaintiff's motion for summary disposition was granted. The trial court noted that plaintiff requested entry of a judgment in the amount of $1,434,628.54, and that because defendant did not dispute the amount of damages, a judgment in that amount would be entered. This appeal followed.

## II. STATUTE OF LIMITATIONS

Defendant first argues that the trial court erroneously denied its motion for summary disposition on the basis that its claim for rescission was brought outside of the six-year statute of limitations found in MCL 600.5813. More specifically, defendant argues that because each renewal of Mr. Maurer's insurance policy formed a new contract, defendant's rescission claim accrued on September 6, 2012, the date upon which the policy in effect at the time of the underlying accident took effect, and therefore, its rescission claim was timely. I agree.

This Court reviews a trial court's decision regarding a motion for summary disposition de novo. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5-6; 890 NW2d 344 (2016). A motion for summary disposition brought under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint," *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768; 887 NW2d 635 (2016) (citation omitted), and should be granted where "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich. 177, 183; 665 NW2d 468 (2003).

"The moving party has the initial burden to support its claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence." *McCoig Materials, LLC v Galui Constr, Inc.*, 295 Mich. App 684, 693; 818 NW2d 410 (2012). The court must consider all of the admissible evidence in a light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). However, the party opposing summary disposition under MCR 2.116(C)(10) "may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Oliver v Smith*, 269 Mich App 560, 564; 715 NW2d 314 (2006) (citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 423; 864 NW2d 609 (2014) (citation and quotation marks omitted).

It is well settled that a no-fault insurer is entitled to rescind *ab inito* an insurance policy on the basis that the insured made a material misrepresentation in his or her application for no fault insurance. *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 446; 889 NW2d 759 (2016). "Rescission is justified without regard to the intentional nature of the misrepresentation,

-3-

as long as it is relied upon by the insurer. Reliance may exist when the misrepresentation relates to the insurer's guidelines for determining eligibility for coverage." *Id*., quoting *Lake States Ins Co v Wilson*, 231 Mich App 327, 331; 586 NW2d 113 (1998). However, an insurer must assert any claim for rescission within six years after the claims accrue. MCL 600.5813. A claim for rescission accrues when the wrong, in this case fraud or misrepresentation, is done, regardless of when the damage results. MCL 600.5827.

The issue here boils down to when defendant's rescission claim accrued. Plaintiff argues that the claim accrued on September 6, 2006, when Mr. Maurer first submitted an application for no-fault insurance, and therefore, defendant's counterclaim for rescission was untimely, as it was filed after September 6, 2012. Conversely, defendant argues that its rescission claim arose on September 6, 2012, when Mr. Maurer renewed the insurance policy, and therefore could be brought any time before September 6, 2018.

This Court has previously determined that a renewal contract is "a new or separate contract." *21st Century Premier Ins Co*, 315 Mich App at 444. Accordingly, when Mr. Maurer renewed his no-fault policy with defendant September 6, 2012, he effectively entered into a new, separate, and distinct contract. In obtaining that contract, Mr. Maurer made the following representations regarding the use of vehicles covered under the policy:

> 1. PRIVATE PASSENGER PICKUP DRIVEN TO WORK TO SCHOOL 5 DAYS PER WEEK A DISTANCE OF OVER 3 MILES BUT LESS THAN 15 MILES ONE WAY BY A 54 YEAR OLD MALE

> 2. PRIVATE PASSENGER CAR DRIVEN TO WORK OR SCHOOL 5 DAYS PER WEEK A DISTANCE OF 3 MILES OR LESS ONE WAY BY A 52 YEAR OLD FEMALE

> 3. PRIVATE PASSENGER CAR USED FOR PLEASURE DRIVEN BY A 54 YEAR OLD MALE

> 4. PRIVATE PASSENGER CAR DRIVEN TO WORK OR SCHOOL 5 DAYS PER WEEK A DISTANCE OF 3 MILES OR LESS ONE WAY BY A 17 YEAR OLD FEMALE

The policy identified Mr. Maurer's and plaintiff's daughter as the principal and/or occasional driver of the Buick Century. Clearly, however, the Buick Century was driven by plaintiff, not her daughter, and was not simply a "private passenger car." Indeed, it is undisputed that at the time of the accident, plaintiff drove the Buick Century for business purposes.

Further, Mr. Maurer agreed to contact his agent if the "covered autos are not used as indicated above[.]" The policy contained an anti-fraud provision, that provided that defendant would not,

> cover any person seeking coverage under this policy who has intentionally concealed or misrepresented any material fact, made fraudulent statements, or engaged in any fraudulent conduct with respect to the procurement of this policy or to any accident or loss for which coverage is sought.

Put simply, the new contract entered into by Mr. Maurer on September 6, 2012 provided that defendant would be entitled to rescind Mr. Maurer's no-fault policy if Maurer made any material misrepresentations in order to procure no-fault coverage. Accordingly, the misrepresentation with respect the contract in effect at the time plaintiff was injured occurred on September 6, 2012 when the contract was entered into and took effect. Subject to any equitable defenses, defendant had until September 6, 2018 to bring a claim for rescission. MCL 600.5813. Therefore, I would conclude that defendant's counterclaim for rescission was timely filed on January 5, 2015, and that the trial court committed error requiring reversal by finding otherwise.

Further, I note that in my view, the majority's conclusion that defendant's rescission claim accrued in 2006, and therefore is now time-barred, not only ignores the precedent previously set by this Court, that a renewal contract is "a new or separate contract," but it sets a terrible new precedent. *21st Century Premier Ins Co*, 315 Mich App at 444. In effect, the majority has given carte blanche to plaintiff, Mr. Maurer, or anyone else who makes material misrepresentations in the application for no-fault insurance. Moving forward, the majority has made it so that as long as an individual can avoid an accident for six years, they may make whatever fraudulent claims they please in order to obtain insurance, and still receive PIP benefits. I cannot support such a conclusion.

III. MCL 500.3113(B)

Second, defendant argues the trial court abused its discretion by denying its motion to amend its affirmative defenses to include that plaintiff's claim was barred by MCL 500.3113(b), and likewise, the trial court erroneously denied its motion for summary disposition. The basis of defendant's argument is that although plaintiff was the titleholder of the Buick Century, she was not the named insured on the no-fault policy: Mr. Maurer was, and Mr. Maurer does not qualify as an owner for purposes of the no-fault act. Accordingly, she is not entitled to recover from defendant because she was driving an uninsured motor vehicle at the time of the accident. Again, I agree.

This Court reviews a trial court's decision to grant or deny a motion to amend affirmative defenses for an abuse of discretion. *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997). Leave to amend "shall be freely given when justice so requires." MCR 2.118(A)(2). Amendment is generally a matter of right. *In re Kostin Estate*, 278 Mich App.47, 51, 748 NW2d 583 (2008). Leave to amend should be denied only for "particularized reasons," i.e., undue delay, bad faith or dilatory motive, repeated failures to cure by amendments previously allowed, undue prejudice to the opposing party, or futility. *Id.; Ostroth v Warren Regency, GP, LLC,* 263 Mich App 1, 5, 687 NW2d 309 (2004). As noted *supra*, this Court reviews a trial court's determination on a motion for summary disposition de novo. *Lowrey*, 500 Mich at 5-6.

No-fault insurers are required to pay PIP benefits for accidental bodily injuries to the named insured, the named insured's spouse, and a "relative or either domiciled in the same household, if the injury arise from a motor vehicle accident." MCL 500.3114(1). Defendant, through the deposition testimony of Pete Buhl, admitted as much when he testified that as Mr. Maurer's spouse, plaintiff was "pulled in . . . essentially [as] a named insured." Accordingly, if plaintiff had been driver a vehicle owned or titled to Mr. Maurer at the time of the accident, she would have been covered by the policy.

However, an individual is excluded from receiving PIP benefits if at the time of the accident, that person "was the owner or registrant of a motor vehicle . . . involved in the accident with respect to which the security required by [MCL 500.3101] . . . was not in effect." MCL 500.3113(b). Although Mr. Maurer obtained no-fault insurance for the Buick Century, the vehicle involved in the accident, he testified in his deposition that he was not the registrant: plaintiff was. The sole title holder of the Buick Century was plaintiff. In fact, the policy states, in no uncertain terms, "IF THE COVERED AUTOS ARE NOT TITLED TO THE NAMED INSURED IDENTIFIED ABOVE CONTACT YOUR AGENT." Accordingly, the relevant inquiry becomes whether Mr. Maurer was an owner for purposes of the no-fault act.

MCL 500.3101(2)(k)(*i*) defines an "owner" as "[a] person renting a motor vehicle or having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days." There may be multiple owners of a motor vehicle, *Ardt v Titan Ins Co*, 233 Mich App 685, 691; 593 NW2d 215 (1999), and "it is not necessary that a person actually have used the vehicle for a thirty-day period before a finding may be made that the person is the owner. Rather, the focus must be on the nature of the person's right to use the vehicle." *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 530; 676 NW2d 616 (2004).

In my view, the record is clear that Mr. Maurer does not qualify as an owner for purposes of the no-fault act. During his deposition, Mr. Maurer testified that the Buick Century was titled only to plaintiff and that the only person to ever drive the Buick Century besides plaintiff was their daughter, whose usage was characterized as occasional. Accordingly, I would conclude that plaintiff is barred from recovering PIP benefits from defendant because the Buick Century lacked the necessary security. MCL 500.3113(b).

Based on the foregoing, I would conclude that the trial court abused its discretion by refusing to allow defendant to amend its affirmative defenses to include MCL 500.3113(b). Additionally, the foregoing analysis makes it clear regardless of the outcome of defendant's counterclaim for rescission, plaintiff's recovery is barred, and summary disposition in favor of defendant is appropriate.

## IV. ALTERNATIVE GROUNDS FOR AFFIRMANCE

Finally, plaintiff argues as alternative grounds for affirmance that even if the statute of limitations does not bar defendant's counterclaim for rescission, several other equitable defenses do. Specifically, plaintiff points to the doctrine of laches, the innocent third-party doctrine, and the fact that where the insurance contract contains a remedy provision, rescission is unavailable in light of an adequate remedy at law.

The three issues raised by plaintiff as alternate grounds for affirmance were either not raised in the trial court, or were purposefully not addressed by the trial court. Accordingly, these issues are unpreserved. *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014). However, because "the issue[s] . . . concern[ ] a legal question and all of the facts necessary for [their] resolution are present," *Dell v Citizens Ins Co of America*, 312 Mich App 734, 751 n 40; 880 NW2d 280 (2015), this Court has the authority to address them. Although "an appellee may argue alternative grounds for affirmance without filing a cross-appeal if the appellee does not seek a more favorable decision," *Hanton v Hantz Fin Servs, Inc*, 306 Mich

App 654, 669; 858 NW2d 481 (2014), I would not conclude that any of plaintiff's alternative grounds for affirmance are persuasive.

First, plaintiff's laches argument fails. A party seeking an equitable remedy must first offer to do equity, and since laches is an equitable doctrine, the party with unclean hands may not assert the defense. *Atty Gen v Powerpick Players Club of Michigan, LLC*, 287 Mich App 13, 52; 783 NW2d 515 (2010). When determining whether a party entered equity with unclean hands, the relevant inquiry is whether the party seeking the remedy sought to mislead the other. *Isbell v Brighton Schools*, 199 Mich App 188, 190; 500 NW2d 748 (1994).

Even assuming MCL 500.3113(b) does not bar plaintiff's claim, based on the evidence placed before the trial court by both parties, reasonable minds could not differ on the fact that plaintiff cannot establish clean hands due to the material misrepresentations made by Mr. Maurer in obtaining the insurance policy. Therefore, laches is unavailable as a defense to defendant's rescission claim. At his deposition, Mr. Maurer testified that he was aware that the insurance policy did not accurately reflect plaintiff's use of the Buick Century, however, on the advice of his insurance agent, Mr. Maurer did not correct the misrepresentation. Rather, Mr. Maurer testified that upon his agent's suggestion, "when we cross that bridge, we'll worry about it then." Further, the policy itself states that Mr. Maurer and plaintiff's daughter was the sole driver of the Buick Century, when in fact Mr. Maurer clearly testified that the Buick Century was titled to plaintiff, and was only used by plaintiff as "her mail car."

Additionally, even if plaintiff came to equity with clean hands, defendant pleaded rescission as an affirmative defense on February 21, 2014, in response to plaintiff's original complaint. At this point plaintiff had not yet prevailed in her tort action, and therefore, any recovery was speculative at best. Although defendant did not file its counterclaim for rescission until 2015, it put plaintiff on notice of its intent to rescind the contract through its affirmative defenses, and by returning to Mr. Maurer the insurance premiums he paid via check. Plaintiff is therefore unable to establish any unreasonable delay on behalf of defendant. See *Twp of Yankee Springs v Fox*, 264 Mich App 604, 611; 692 NW2d 728 (2004), where this Court previously determined that for the doctrine of laches to apply, there must be an unreasonable delay that results in "circumstances that would render inequitable any grant of relief to the dilatory plaintiff."

Second, plaintiff argued that this Court incorrectly decided *Bazzi I*, and that plaintiff is entitled to the protection of the innocent third-party doctrine. Since this case was argued, our Supreme Court decided *Bazzi*, and held that its decision in *Titan Insurance Co v Hyten*, 491 Mich 547; 817 NW2d 562 (2012), "abrogated the innocent-third-party rule[.]" *Bazzi v Sentinel Insurance Co.*, ___ Mich ___, ___; ___ NW2d ___ (2018) *(Bazzi II)* (Docket No. 154442); slip op at 14. Our Supreme Court went on to conclude that although an insurer is entitled to seek rescission of an insurance contract based on fraud in the application for insurance, the insurer is not automatically entitled to rescission by operation of law. *Bazzi II*, ___ Mich at ___; slip op at 17-18. Rather, when a third party is involved, the trial court must balance the equities to determine whether the third party is "entitled to the relief he or she seeks." *Id*. at ___; slip op at 16 (citation and quotation marks omitted.) However, in this case, plaintiff does not qualify as a third party, and therefore, *Bazzi II* is inapplicable. As discussed, plaintiff was the owner of the Buick Century, MCL 500.3101(2)(k)(*i*), but failed to obtain the necessary security required by

the no-fault statute. Accordingly, plaintiff is barred from recovering PIP benefits. MCL 500.3113(b). Remand under *Bazzi II* is therefore not required.

Finally, plaintiff argues that because the insurance contract at issue contains a remedy provision, equitable rescission is unavailable in light of an adequate remedy at law. However, in light of the fact that MCL 500.3113(b) bars plaintiff's recovery, the insurance contract at issue is inapplicable to plaintiff, and this argument is without merit.

I would reverse and remand for the trial court to vacate its October 12, 2016 order and grant summary disposition in favor of defendant.

/s/ Kathleen Jansen