*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HOVITA A. SMITH,

      Plaintiff-Appellant,

v

KEVIN RADEMACHER,

      Defendant-Appellee.

UNPUBLISHED
March 21, 2024

No. 365495
Clinton Circuit Court
LC No. 21-012104-NZ

Before: M. J. KELLY, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant, a licensed electrician, owned a residential property in Portland. He was in the process of remodeling the property when plaintiff approached him about purchasing it. On November 3, 2020, the parties entered into a real estate purchase agreement that provided for plaintiff to purchase the property for "a total purchase price of $125,000." Due to financing issues, the November 3, 2020 purchase agreement failed and the parties subsequently entered into a new real estate purchase agreement (which we will sometimes hereafter refer to as "the purchase agreement") on January 19, 2021.

The purchase agreement provided, "Purchase Price Includes: Property, tear out, [r]eversal of stairs, rough-in of improvements per buyer, structural repairs as needed, exterior doors (3). Exterior improvements provided where removal of large trees and stump removal." The purchase agreement also provided (as did the November 2020 purchase agreement) that defendant would correct at his own expense any "violations" found in connection with a building inspection. Additionally, the purchase agreement (and its predecessor) contained a merger clause stating, "This Agreement, when executed by both Buyer and Seller, shall contain the entire understanding and agreement between Buyer and Seller and Agent, if any, with respect to the matters referred to herein and shall supersede all prior or contemporaneous agreements, representations and

-1-

understanding with respect to such matters." Neither purchase agreement contained any additional provisions regarding repairs to the property.

The sale of the property was completed in January 2021. In November 2021, plaintiff filed suit against defendant for breach of contract, unjust enrichment, promissory estoppel, fraudulent misrepresentation, silent fraud, and intentional infliction of emotional distress (IIED). The basis for plaintiff's contract and fraud claims was her allegation that she and defendant had reached a "verbal agreement" for the sale of the property before either written purchase agreement was executed. According to plaintiff, the terms of this alleged oral agreement required defendant to make several repairs and improvements to the property prior to closing, specifically, repairs and improvements that were not contained in the written purchase agreements. Plaintiff's IIED claim was based on defendant's alleged behavior towards her and her daughter when plaintiff spoke to defendant about performing repairs on the property.

Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that the parties did not have an oral agreement and that plaintiff did not provide any evidence to support the remaining claims against defendant. Defendant's motion was accompanied by plaintiff's uniform residential loan application reflecting that plaintiff had applied for a $90,000 construction loan for "[a]lterations, improvements, [and] repairs." Defendant also produced a $90,000 estimate and sworn statement prepared for plaintiff by "Jeff Sager Builder," reflecting the estimated costs of repairs to the property. The repairs in the estimate included repairs that defendant had supposedly agreed to complete, according to plaintiff's understanding of the alleged oral agreement. Plaintiff admitted during her deposition that she hired a general contractor to work on the property, and she admitted to paying several subcontractors, including defendant, to complete the repairs included in the estimate.

Following a hearing, the trial court granted defendant's motion for summary disposition. It relied on the parties' written purchase agreements, which governed the purchase price of the property and defendant's obligation to make repairs, and the conflict that existed between the terms of the alleged oral agreement and the purchase agreements. The court also noted plaintiff's testimony, which established that plaintiff hired a general contractor and paid subcontractors to complete the repairs and improvements provided in the alleged oral agreement. The trial court subsequently denied plaintiff's motion for reconsideration. This appeal followed. On appeal, plaintiff does not challenge the trial court's dismissal of her unjust enrichment claim.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Bailey v Antrim Co*, 341 Mich App 411, 421; 990 NW2d 372 (2022) (quotation marks and citation omitted). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

This Court reviews for an abuse of discretion a trial court's decision on a motion for reconsideration. *Farm Bureau Ins Co v TNT Equip, Inc*, 328 Mich App 667, 672; 939 NW2d 738 (2019). "A trial court abuses its discretion if it chooses an outcome outside the range of principled outcomes." *Id*.

## III. ORAL AGREEMENT

Plaintiff argues that the trial court erred by holding that there was no genuine issue of material fact regarding whether she and defendant had entered into an enforceable oral agreement. We disagree.

To establish a breach-of-contract claim, plaintiff "must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Bayberry Group, Inc v Crystal Beach Condo Ass'n*, 334 Mich App 385, 393; 964 NW2d 846 (2020) (quotation marks and citation omitted). A valid contract requires five elements: "(1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *AFT Mich v Michigan*, 497 Mich 197, 235; 866 NW2d 782 (2015).

Whether a contract exists between plaintiff and defendant is a question of law. *Aguirre v Michigan*, 315 Mich App 706, 713; 891 NW2d 516 (2016). The requisite elements of a contract reflect that the parties must have "a meeting of the minds on all essential terms of a contract." *Calhoun Co v Blue Cross Blue Shield Mich*, 297 Mich App 1, 13; 824 NW2d 202 (2012) (quotation marks and citation omitted). "A meeting of the minds is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Id*. (quotation marks and citation omitted). "Where mutual assent does not exist, a contract does not exist." *Quality Prod and Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 372; 666 NW2d 251 (2003).

Although plaintiff indicated in her complaint, in her reply to defendant's summary disposition motion, and in her deposition testimony, that she believed that the alleged oral agreement for repairs was essentially part of the purchase agreement for the property, on appeal plaintiff argues that the trial court failed to recognize that the parties' purchase agreement and alleged oral agreement were "separate and distinct issues." Apart from the inconsistency of plaintiff's positions, neither position has merit. The purchase agreement contained a merger clause indicating that the agreement "supersede[s] all prior or contemporaneous agreements, representations and understanding with respect to such matters." The agreement states that the purchase price includes certain repairs, which defendant completed, and is silent as to the additional repairs that plaintiff claims defendant agreed to complete. "When a contract contains an express integration or merger clause, it is conclusive evidence that the agreement is the entire agreement, and parol evidence is not admissible." *Zwiker v Lake Superior State Univ*, 340 Mich App 448, 476; 986 NW2d 427 (2022).

Regarding the alleged existence of a separate, oral agreement, a reasonable trier of fact also could not conclude that an oral agreement existed between the parties, separate from the written purchase agreement governing the sale of the property. See *El-Khalil,* 504 Mich at 160. Plaintiff has not shown that she provided defendant with any consideration for this alleged oral agreement.

See *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 508-509; 885 NW2d 861 (2016). The record contains no evidence that plaintiff provided any consideration to defendant other than the purchase price required by the written purchase agreement. On the contrary, plaintiff consistently stated in her testimony and in her response to defendant's motion for summary disposition that she paid defendant the purchase price for the property and expected defendant to complete the alleged oral agreement's repairs and improvements in exchange. Therefore, without any evidence of consideration in the record, plaintiff cannot establish a valid, separate contract for defendant to have breached. See *AFT Mich*, 497 Mich at 235; *Bayberry Group*, 334 Mich App at 393.

The trial court did not err by granting defendant's motion for summary disposition with respect to plaintiff's breach of contract claim. *Bailey*, 341 Mich App at 421.

## IV. PROMISSORY ESTOPPEL

Plaintiff also argues that the trial court erred by granting summary disposition of plaintiff's promissory estoppel claim. We disagree.

Promissory estoppel requires "(1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided." *Cove Creek Condo Ass'n v Vistal Land & Home Dev, Inc*, 330 Mich App 679, 713; 950 NW2d 502 (2019) (quotation marks and citation omitted). "To determine whether a promise existed, courts must objectively evaluate the circumstances of the transaction, including the parties' words, actions, and relationship." *Bodnar v St John Providence, Inc*, 327 Mich App 203, 227; 933 NW2d 363 (2019).

Quasi-contractual remedies such as promissory estoppel are inapplicable when the parties have made an express contract covering the same subject matter. See *H. J. Tucker & Assoc, Inc v Allied Chucker and Engineering Co*, 234 Mich App 550, 573; 595 NW2d 176 (1999). In this case, the existence of the written purchase agreement with a merger clause is fatal to plaintiff's claim. *Id.*; see also *UAW–GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 504-505; 579 NW2d 411 (1998). The parties' January 2021 purchase agreement indicated that the purchase price included the following, specified work that defendant would complete: "tear out, [r]eversal of stairs, rough-in of improvements per buyer, structural repairs as needed, exterior doors" as well as "removal of large trees and stump removal." According to plaintiff, the alleged oral agreement included additional work to replace windows, HVAC installation, drywall installation, roof repair, and building a closet prior to closing. The purchase agreement directly addressed repairs to be completed by defendant and contained a merger clause. It would have been unreasonable for plaintiff to rely on a prior, oral agreement or promise that was not included in the written purchase agreement. See *id*.

Moreover, even if the express contract did not cover the same subject matter as the alleged promise, plaintiff failed to demonstrate a genuine issue of material fact that she relied upon a promise from defendant, separate from the purchase of the property. See *Bodnar*, 327 Mich App at 227. Plaintiff's actions in closing on the property when repairs were not completed, hiring a contractor, obtaining a construction loan, and paying defendant as a subcontractor to complete electrical work all contradict her allegation that defendant had promised to repair the property and

that she relied on the promise. Plaintiff failed to produce any evidence establishing her reliance on defendant's alleged promise, and the record establishes that any reliance by plaintiff would have been unreasonable in light of the parties' purchase agreement. See *Bodnar*, 327 Mich App at 227; *UAW–GM*, 228 Mich App at 504.

The trial court did not err by granting defendant's motion for summary disposition with respect to plaintiff's promissory estoppel claim. *Bailey*, 341 Mich App at 421.

## V. FRAUD CLAIMS

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition regarding her fraud claims. We disagree.

A claim of fraudulent misrepresentation requires that:

> (1) the [party] made a material representation; (2) the representation was false; (3) when the [party] made the representation, the [party] knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the [party] made the representation with the intention that the [opposing party] would act upon it; (5) the [opposing party] acted in reliance upon it; and (6) the [opposing party] suffered damage. [*Maurer v Fremont Ins Co*, 325 Mich App 685, 695; 926 NW2d 848 (2018) (quotation marks and citation omitted; alterations in original).]

Generally, "an action for fraud must be predicated upon a false statement relating to a past or existing fact; promises regarding the future are contractual and will not support a claim of fraud." *Cummins v Robinson Twp*, 283 Mich App 677, 696; 770 NW2d 421 (2009). "Further, to establish a claim of fraudulent misrepresentation, the plaintiff must have reasonably relied on the false representation. There can be no fraud where a person has the means to determine that a representation is not true." *Id*.

A reasonable trier of fact could not conclude that defendant made false representations to plaintiff or that plaintiff reasonably relied on any such representations. See *El-Khalil*, 504 Mich at 160. Plaintiff generally alleges that defendant made false representations to plaintiff regarding the parties' alleged oral agreement. However, the record reflects that the alleged oral agreement related to future conduct. See *Maurer*, 325 Mich App at 695; *Cummins*, 238 Mich App at 696. Plaintiff admitted in her deposition that defendant's alleged oral promise to perform repairs was in relation to future conduct. The record also reflects that if a representation from defendant about completing repairs existed, plaintiff had the means to determine that the representation was not true. See *Cummins*, 238 Mich App at 696.

To support a claim of silent fraud, the plaintiff must prove that the defendant knew of a material fact but concealed or suppressed the truth through false or misleading statements or actions and with the intent to deceive. *Roberts v Saffell*, 280 Mich App 387, 405; 760 NW2d 715 (2008). For a claim of silent fraud to be actionable, there must be a party with a "legal or equitable duty to disclose" that has concealed a material fact "with an intent to defraud." *Maurer*, 325 Mich App at 695. "[A] legal duty to make a disclosure will arise most commonly in a situation where inquiries are made by the plaintiff, to which the defendant makes incomplete replies that are

-5-

truthful in themselves but omit material information." *Hord v Environmental Research Institute of Mich*, 463 Mich 399, 412; 617 NW2d 543 (2000).

In this case, the record contains no evidence that defendant had a legal or equitable duty to disclose information to plaintiff. See *Maurer*, 325 Mich App at 695. Further, although plaintiff has alleged that defendant made affirmative misrepresentations, plaintiff has not produced evidence of any omission by defendant that could be considered fraudulent. See *Maurer*, 325 Mich App at 695; *Roberts,* 280 Mich App at 405. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *In re Warshefski*, 331 Mich App 83, 87; 951 NW2d 90 (2020) (quotation marks and citation omitted).

The trial court did not err by granting defendant's motion for summary disposition with respect to plaintiff's fraud claims. *Bailey*, 341 Mich App at 421.

## VI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition regarding her IIED claim. We disagree.

"To establish a claim of intentional infliction of emotional distress, a plaintiff must prove the following elements: (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Swain v Morse*, 332 Mich App 510, 534; 957 NW2d 396 (2020) (quotation marks and citation omitted). "Liability attaches only when a plaintiff can demonstrate that the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id*. (quotation marks and citation omitted). Therefore, "[l]iability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Lucas v Awaad*, 299 Mich App 345, 359; 830 NW2d 141 (2013) (quotation marks and citation omitted; alteration in original).

Plaintiff failed to establish the existence of a genuine issue of material fact regarding whether defendant acted in an "extreme and outrageous" way or whether plaintiff experienced severe emotional distress as a result. See *El-Khalil,* 504 Mich at 160; *Swain*, 332 Mich App at 534. Plaintiff testified at her deposition that defendant was "belligerent" toward her and her daughter, and that he threw equipment into a trailer, entered plaintiff's "personal space," and called plaintiff a "bitch" and an "a**hole." While the conduct alleged by plaintiff would not be considered well-mannered, this conduct did not go beyond "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" so as to be considered extreme and outrageous. *Lucas*, 299 Mich App at 359.

The trial court did not err by granting defendant's motion for summary disposition with respect to plaintiff's IIED claim. *Bailey*, 341 Mich App at 421.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron